UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                    Case No. 23-43403-MLO
                                        Chapter 11
        Debtor.                         Hon. Maria L. Oxholm
_____/
Paul R. Hage, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,

        Plaintiff,                      Adv. P. Case No. 23-04496-mlo

-v-

James A. Grossi, an Individual,
2210/305 LLC, a Michigan Limited liability
Company, Brian Tierney,
Individually and as Trustee of the
Tierney Family Trust Dated
12/21/2018, Nameer Kiminaia,
Individually and as Trustee of the Nameer
Kiminaia Living Trust Dated 5/31/2019,
Tierney family Trust Dated
12/21/2018, Nameer Kiminaia
Living Trust Dated 5/31/2019,
Hamid Sattar, ION Diagnostics, LLC, a
Michigan Limited liability company, and ION
Marketing, LLC a Michigan limited liability
company,

        Defendants.

_____/

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT
NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019**

        Defendant, Nameer Kiminaia Living Trust Dated 5/31/2019 ("Defendant"), by and

through its undersigned counsel, for its Answer to Complaint filed by Plaintiff, Paul R.

Hage, solely in his capacity as Liquidating Trustee ("Plaintiff" references to "Plaintiff"

include "Debtor"), states and alleges as follows:

## NATURE OF THE CASE

1.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 1 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

2.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 2 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

3.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 3 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

4.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 4 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

5.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 5 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

6.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 6 of the Complaint but denies that there is any legal or factual

basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

7.      Defendant admits that the Plaintiff is seeking the relief set forth in Paragraph 7 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Plaintiff is entitled to any relief in this case.

8.      Allegations in paragraph 8 of the Complaint are denied as untrue.

## JURISDICTION AND VENUE

9.      Defendant admits that the Court has jurisdiction over this Complaint and that certain applicable statutes and rules are set out in Paragraph 9 of the Complaint. Defendant denies that Plaintiff is entitled to any relief in this case.

10.    Defendant admits that Venue is proper in this District.

11.    In response to the allegations contained in paragraph 11 of the Complaint, Defendant avers that the statutory sections referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

12.    Defendant consents to the entry of final orders or judgments by the Court.

## PARTIES

13.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     In response to the allegations contained in paragraph 21 of the
        Complaint, Defendant avers that the statutory sections referenced therein
        speak for itself and is the best evidence of its terms and content. In further
        response, Defendant denies any suggestion, assertion, or conclusion that
        it engaged in any wrongful conduct, of any kind or nature, or otherwise
        breached or violated any statutory duty or any other obligation allegedly
        owed to Plaintiff, for the reason that such allegations are untrue.

22.     Believed to be true.

23.     Believed to be true.

24.     Believed to be true as to Tierney, Unknown as to the Trust.

25.     Admitted.

26.     Defendant does not have sufficient information upon which to form a
        belief as to the truth of the subject matter, and thus denies same.

27.     Admitted.

28.     Admit Corporate Structure but deny any suggestion, assertion, or
        conclusion that it engaged in any wrongful conduct, of any kind or nature,
        or otherwise breached or violated any statutory duty or any other

4

obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

29. Admit Corporate Structure but deny any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

## STATEMENT OF FACTS

30. Believed to be true.

31. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

32. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

33. Admitted.

34. Allegations in paragraph 34 of the Complaint are denied as untrue.

35. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

36. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

37. Admitted.

38. Admitted.

39. Admitted.

40. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

41. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

42. Admitted in part. All members maintained the financial records.

43. In response to the allegations contained in paragraph 43 of the Complaint, Defendant avers that the operating agreement sections referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

44. Admitted.

45. Admit that an agreement was reached which best speaks for itself. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

46. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

47. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

48. Admit that referenced agreement was reached which best speaks for itself and is the best evidence of its terms and content. In further response,

Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

49. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

50. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

51. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

52. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

53. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

54. Allegations in paragraph 54 of the Complaint are denied as untrue.

55. Allegations in paragraph 55 of the Complaint are denied as untrue.

56. In response to the allegations contained in paragraph 56 of the Complaint, Defendant avers that the documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

57.     Allegations in paragraph 57 of the Complaint are denied as untrue.

58.     Allegations in paragraph 58 of the Complaint are denied as untrue.

59.     Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

60.     In response to the allegations contained in paragraph 60 of the Complaint, Defendant avers that the documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

61.     In response to the allegations contained in paragraph 61 of the Complaint, Defendant avers that the documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

62.     Allegations in paragraph 62 of the Complaint are believed to be true.

63.     In response to the allegations contained in paragraph 63 of the Complaint, Defendant avers that the settlement documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or

conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

64.     In response to the allegations contained in paragraph 64 of the Complaint, Defendant avers that the documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

65.     In response to the allegations contained in paragraph 65 of the Complaint, Defendant avers that the documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

66.     Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

67.     Allegations in paragraph 67 of the Complaint are denied as untrue.

68.     Allegations in paragraph 68 of the Complaint are denied as untrue.

69.     Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

70.   Allegations in paragraph 70 of the Complaint are denied as untrue.

71.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

72.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

73.   Allegations in paragraph 73 of the Complaint are denied as untrue.

74.   Allegations in paragraph 74 of the Complaint are denied as untrue.

75.   Allegations in paragraph 75 of the Complaint are denied as untrue.

76.   Allegations in paragraph 76 of the Complaint are denied as untrue.

77.   Allegations in paragraph 77 of the Complaint are denied as untrue.

78.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

79.   Allegations in paragraph 79 of the Complaint are denied as untrue.

80.   Allegations in paragraph 80 of the Complaint are denied as untrue.

**D.    Ark's Missing Pre-Redemption Payables as Further Evidence of Breahes of Fiduciary Duties.**

81.   Allegations in paragraph 81 of the Complaint are denied as untrue.

82.   Allegations in paragraph 82 of the Complaint are denied as untrue.

83.   Allegations in paragraph 83  of the Complaint are denied as untrue.

84.   Allegations in paragraph 84 of the Complaint are denied as untrue.

85.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

86.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

**E. Grossi's Mismanagement Subsequent to Redemption**

87.    Admitted.

88.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

89.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

90.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

91.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

**F.    Grossi's Excessive Compensation and Expense Reimbursement**

92.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

93.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

94.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

95.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

96.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

97.    Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

**G. The debtor Runs Out of Money and Borrows Additional Funds from Peninsula and then from Grossi.**

98. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

99. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

100. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

101. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

102. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

103. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

104. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

**H. Grossi's Unauthorized Post-Petition Transfers**

105. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

106. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

107. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

**I. The debtor's Demise and the Commencement of the Bankruptcy**

108.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

109.   Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

110.   In response to the allegations contained in paragraph 110 of the Complaint, Defendant avers that the petition, schedules, and statements referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

111.   In response to the allegations contained in paragraph 111 of the Complaint, Defendant avers that the Official Claims Register referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

**CLAIMS FOR RELIEF**
**COUNT I**
**Breach of Duty of Loyalty Pursuant to**
**11 U.S.C. §544 and M.C.L §450.4404**
**(AS TO DEFENDANTS GROSSI, KIMINAIA, TIERNEY,**
**KIMINAIA TRUST AND TIERNEY TRUST)**

112.    Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

113.    Believed to be true.

114.    Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor  for the reason that such allegations are untrue.

115.    This is a legal conclusion for which no answer is necessary.

116.    In response to the allegations contained in paragraph 116 of the Complaint, Defendant avers that the documents referenced therein speak for itself and is the best evidence of its terms and content. In further response, Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, for the reason that such allegations are untrue.

117.    Allegations in paragraph 117 of the Complaint are denied as untrue.

118.    Allegations in paragraph 118 of the Complaint are denied as untrue.

119.    Allegations in paragraph 119 of the Complaint are denied as untrue.

120.    Allegations in paragraph 120 of the Complaint are denied as untrue.

121.    Allegations in paragraph 121 of the Complaint are denied as untrue.

122.    Allegations in paragraph 122 of the Complaint are denied as untrue.

123.    Allegations in paragraph 123 of the Complaint are denied as untrue.

## COUNT II
### Breach of Duty of Care Pursuant to
### 11 U.S.C. § 544 and M.C.L. §450.4404
### (AS TO DEFENDANTS GROSSI, KIMINAIA, TIERNEY,
### KIMINAIA TRUST AND TIERNEY TRUST)

124. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

125. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

126. Allegations in paragraph 126 of the Complaint are denied as untrue.

127. Allegations in paragraph 127 of the Complaint are denied as untrue.

128. Allegations in paragraph 128 of the Complaint are denied as untrue.

129. Allegations in paragraph 129 of the Complaint are denied as untrue.

130. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

131. Allegations in paragraph 131 of the Complaint are denied as untrue

132. Allegations in paragraph 132 of the Complaint are denied as untrue

133. Allegations in paragraph 133 of the Complaint are denied as untrue.

## COUNT III
### Aiding and Abetting Breaches of Fiduciary Duties
### Pursuant to 11 U.S.C. § 544
### and Applicable Michigan Common Law

**(AS TO DEFENDANTS THE TRUSTS, 2210/305, ID, and IM)**

**134.** Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

135. This is a legal conclusion for which no response is necessary. In further response the Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

136. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

137. Allegations in paragraph 137 of the Complaint are denied as they are not true.

138. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

139. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

140. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

141. Allegations in paragraph 141 of the Complaint are denied as they are not true.

142. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

143. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

144. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

145. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

146. Defendant denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

147. Allegations in paragraph 147 of the Complaint are denied as they are not true.

148. Allegations in paragraph 148 of the Complaint are denied as they are not true.

149. Allegations in paragraph 149 of the Complaint are denied as they are not true.

150. Allegations in paragraph 150 of the Complaint are denied as they are not true.

## COUNT IV
### Breach of duty of Care
### Pursuant to 11 U.S.C.§ 544 and M.C.L. §450.4404
### (AS TO DEFENDANT GROSSI)

151. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

152-156 (Including sub-parts). These allegations are a legal conclusion for which no response is necessary and they do not relate to Defendant herein, Kiminaia Trust, and no answer is necessary; Defendant however, in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

## COUNT V
### Breach of duty of Loyalty
### Pursuant to 11 U.S.C.§ 544 and M.C.L. §450.4404
### (AS TO DEFENDANT GROSSI)

157. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

158-163. These allegations are a legal conclusion for which no response is

necessary and they do not relate to Defendant herein, Kiminaia Trust, and

no answer is necessary; Defendant in further response denies any

suggestion, assertion, or conclusion that it engaged in any wrongful

conduct, of any kind or nature, or otherwise breached or violated any

statutory duty or any other obligation allegedly owed to Plaintiff or Debtor

for the reason that such allegations are untrue.

**COUNT VI**
**Avoidance of Voidable Transactions Pursuant to**
**11 U.S.C.§ 544(b) and M.C.L. §556.34(1)(a)**
**(AS TO ALL DEFENDANTS)**

164.    Defendant incorporates responses to Complaint set forth above and

incorporates them herein as if stated herein in their entirety.

165.    In response to the allegations contained in paragraph 165 of the

Complaint, Defendant avers that the Bankruptcy Code Section referenced

therein speak for itself and is the best evidence of its terms and content.

In further response, Defendant denies any suggestion, assertion, or

conclusion that it engaged in any wrongful conduct, of any kind or nature,

or otherwise breached or violated any statutory duty or any other

obligation allegedly owed to Plaintiff, for the reason that such allegations

are untrue.

166.    These allegations are a legal conclusions for which no response is

necessary. Defendant in further response denies any suggestion,

assertion, or conclusion that it engaged in any wrongful conduct, of any

kind or nature, or otherwise breached or violated any statutory duty or any

other obligation allegedly owed to Plaintiff or Debtor  for the reason that

such allegations are untrue.

167. These allegations are a legal conclusion for which no response is necessary. Defendant however in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

168. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

169. Allegations in paragraph 169 of the Complaint are denied as they are not true.

170. These allegations are legal conclusions for which no response is necessary. Defendant however in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

171. Allegations in paragraph 171 of the Complaint, (Including Sub Parts a-d) are denied as they are not true.

172. Allegations in paragraph 172 of the Complaint are denied as they are not true.

173. Allegations in paragraph 173 of the Complaint are denied as they are not true.

174. Allegations in paragraph 174 of the Complaint are denied as they are not true.

175. Allegations in paragraph 175 of the Complaint are denied as they are not true.

**COUNT VII**
**Avoidance of Voidable Transactions Pursuant to**
**11 U.S.C.§ 544(b) and M.C.L. §556.34(1)(b)**
**(AS TO DEFENDANTS SATTAR, GROSSI, KIMINAIA, TIERNEY,**
**KIMINAIA TRUST, AND TIERNEY TRUST)**

176. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

177. Allegations in paragraph 177 of the Complaint are denied as they are not true.

178. Allegations in paragraph 178 of the Complaint are denied as they are not true.

179. Allegations in paragraph 179 of the Complaint are denied as they are not true.

180. Allegations in paragraph 180 of the Complaint are denied as they are not true.

181. Allegations in paragraph 181 of the Complaint are denied as they are not true.

182. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

183. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

184. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

185. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

186. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

187. Allegations in paragraph 187 of the Complaint are denied as they are not true.

188. Allegations in paragraph 188 of the Complaint are denied as they are not true.

189. Allegations in paragraph 189 of the Complaint are denied as they are not true.

**COUNT VIII**
**Avoidance of Voidable Transactions Pursuant to**
**11 U.S.C.§ 544(b) and M.C.L. §556.35(2)**
**(AS TO DEFENDANTS KIMINAIA, TIERNEY, AND THE TRUSTS)**

190. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

191. Allegations in paragraph 191 of the Complaint are denied as they are not true

192. Allegations in paragraph 192 of the Complaint are denied as they are not true.

193. Allegations in paragraph 194 of the Complaint are denied as they are not true.

194. Allegations in paragraph 194 of the Complaint are denied as they are not true.

195. Allegations in paragraph 195 of the Complaint are denied as they are not true.

196. Allegations in paragraph 196 of the Complaint are denied as they are not true.

197. Allegations in paragraph 197 of the Complaint are denied as they are not true.

198. Allegations in paragraph 198 of the Complaint are denied as they are not true.

199. Allegations in paragraph 199 of the Complaint are denied as they are not true.

200. Allegations in paragraph 200 of the Complaint are denied as they are not true.

201. Allegations in paragraph 201 of the Complaint are denied as they are not true.

**COUNT IX**
**Avoidance of Fraudulent Transfers**
**Pursuant to 11 U.S.C.§ 548(a)(1)(A)**
**(AS TO DEFENDANTS TIERNEY, KIMINAIA AND THE TRUSTS)**

202. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

203. These allegations are a legal conclusion for which no response is necessary. Defendant however in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

204. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

205. Allegations in paragraph 205 of the Complaint are denied as they are not true.

206. Allegations in paragraph 206 of the Complaint are denied as they are not true.

207. Defendant does not have sufficient information upon which to form a belief as to the truth of the subject matter, and thus denies same.

208. Allegations in paragraph 208 of the Complaint are denied as they are not true.

209. Allegations in paragraph 209 of the Complaint are denied as they are not true.

210. Allegations in paragraph 210 of the Complaint are denied as they are not true.

211. Allegations in paragraph 211 of the Complaint are denied as they are not true.

212. Allegations in paragraph 212 of the Complaint are denied as they are not true.

213. Allegations in paragraph 213 of the Complaint are denied as they are not true.

214. Allegations in paragraph 214 of the Complaint are denied as they are not true.

215. Allegations in paragraph 215 of the Complaint are denied as they are not true.

216. Allegations in paragraph 216 of the Complaint are denied as they are not true.

217. Allegations in paragraph 217 of the Complaint are denied as they are not true.

218. Allegations in paragraph 218 of the Complaint are denied as they are not true.

219. Allegations in paragraph 219 of the Complaint are denied as they are not true.

**COUNT X**
**Avoidance of Fraudulent Transfers**
**Pursuant to 11 U.S.C.§ 548(a)(1)(A)**
**(AS TO DEFENDANTS TIERNEY, KIMINAIA AND THE TRUSTS)**

220. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

221. These allegations are legal conclusions for which no response is necessary. Defendant however in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff or Debtor for the reason that such allegations are untrue.

222. Allegations in paragraph 222 of the Complaint are denied as they are not true.

223. Allegations in paragraph 223 of the Complaint are denied as they are not true.

224. Allegations in paragraph 224 of the Complaint are denied as they are not true.

225. Allegations in paragraph 225 of the Complaint are denied as they are not true.

226. Allegations in paragraph 226 of the Complaint are denied as they are not true.

227. Allegations in paragraph 227 of the Complaint are denied as they are not true.

228. Allegations in paragraph 228 of the Complaint are denied as they are not true.

229. Allegations in paragraph 229 of the Complaint are denied as they are not true.

230. Allegations in paragraph 230 of the Complaint are denied as they are not true.

231. Allegations in paragraph 231 of the Complaint are denied as they are not true.

232. Allegations in paragraph 232 of the Complaint are denied as they are not true.

233. Allegations in paragraph 233 of the Complaint are denied as they are not true.

234. Allegations in paragraph 234 of the Complaint are denied as they are not true.

235. Allegations in paragraph 235 of the Complaint are denied as they are not true.

236. Allegations in paragraph 236 of the Complaint are denied as they are not true.

237. Allegations in paragraph 237 of the Complaint are denied as they are not true.

238. Allegations in paragraph 238 of the Complaint are denied as they are not true.

## COUNTS XI- COUNTS XIIX
## (AS TO DEFENDANTS GROSSI AND/OR 2210/305)

239. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

240-326. These allegations are primarily legal conclusions against Debtor and Grossi Defendants for which no response is necessary and they do not relate to Defendant herein, Kiminaia Trust, and thus answer is necessary. Defendant, Kiminaia Trust however in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, Debtor and Debtor's Creditors for the reason that such allegations are untrue.

## COUNT XIX
## Recovery of Avoidable Transfers
## Pursuant to 11 U.S.C. § 550(a)(1) and (2)
## (AGAINST ALL DEFENDANTS)

327. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

328. Allegations in paragraph 328 of the Complaint are denied as they are not true.

329. Allegations in paragraph 329 of the Complaint are denied as they are not true.

330. Allegations in paragraph 330 of the Complaint are denied as they are not true.

331. Allegations in paragraph 331 of the Complaint are denied as they are not true.

332. Allegations in paragraph 332 of the Complaint are denied as they are not true.

**COUNT XX- COUNT XXI**
**Recharachterization of Debt**
**Pursunat to 11 U.S.C. §105**
**(AS TO DEFENDANT GROSSI)**

333. Defendant incorporates responses to Complaint set forth above and incorporates them herein as if stated herein in their entirety.

334-350. These allegations are primarily legal conclusions against Debtor and Grossi Defendants for which no response is necessary and they do not relate to Defendant herein, Kiminaia Trust, and thus answer is necessary. Defendant, Kiminaia Trust however in further response denies any suggestion, assertion, or conclusion that it engaged in any wrongful conduct, of any kind or nature, or otherwise breached or violated any statutory duty or any other obligation allegedly owed to Plaintiff, Debtor and Debtor's Creditors for the reason that such allegations are untrue.

**RELIEF REQUESTED**

WHEREFORE, the Defendant, Kiminaia Trust prays that this Honorable Court enter a judgment of no cause for action together with such other and further relief as is deemed just and equitable under the facts and circumstances, including court costs and attorney fees so wrongfully incurred in having to defend against the allegations contained in plaintiff's complaint.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiff fails to state a claim upon which relief can be granted as a matter of law and defendants are entitled to summary judgment.

2.  The relief sought in the Complaint is barred under the applicable principles of res judicata, estoppel, waiver, release, preclusion, and/or laches.

3.  The allegedly fraudulent transfers do not satisfy the prima facie elements of 11 U.S.C.§§548 and 544, nor do they satisfy the prima facie elements under nonbankruptcy law as incorporated by the Bankruptcy Code.

4.  Plaintiff does not manage the entity.

5.  Plaintiff has failed to join all necessary parties.

6.  The Defendant(s) reserves the right to assert all other available defenses to the Complaint, whether at law or in equity, and the ability to modify those defenses already asserted.

7.  To the extent that the relevant defendant(s) did not receive reasonably equivalent value, the relevant transfer(s) were made at a time when the relevant debtor (I) was not insolvent on the date that such transfer was made or such obligation was incurred, or did not became insolvent as a result of such transfer or obligation;(II) was not engaged in business or a transaction, or was not about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (III) did not intend to incur, or believe that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

8.  Plaintiff does not have standing and is not the proper party to be asserting this claim.

9.    That plaintiff's claims are barred in whole or in part by the applicable

statute of limitations.

10.    That plaintiff's claims are barred in whole or in party for the reason that

Debtor, received just and reasonable value.

11.    Plaintiffs' claims, if any, were caused, occasioned and/or contributed, either in

whole or part, by the actions and/or omissions of others

Respectfully Submitted,

 /s/Raymond  J. Salloum_____
Raymond J. Salloum (P36852)
Attorney for Kiminaia Trust
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
(248) 594-4700
Salloumlaw@comcast.net

Dated: January 21, 2024.