# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**ARK LABORATORY, LLC,**　　　　　　　　　　Case No. 23-43403-MLO
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　Debtor.　　　　　　　　　　　　　　　　　Hon. Maria L. Oxholm
_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

　　Plaintiff,　　　　　　　　　　　　　　　Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

　　Defendants.
_____/

## REPORT OF PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), a conference was

held on March 11, 2024 by video conference and was participated in by:

- Kimberly Ross Clayson and David Wallace of Taft Stettinius & Hollister, LLP for Plaintiff, Paul R. Hage, solely in his capacity as Liquidating Trust of the Ark Laboratory Trust;

- Michael I. Zousmer of Zousmer Law Group PLC as co-counsel on behalf of Defendants James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid Sattar;

- Morrie Lefkowitz of Lefkowitz Law Group on behalf of Defendant 2210/305 LLC;

- Raymound J. Salloum of Raymond Salloum Law Offices on behalf of Defendants Tierney Family Trust Dated 12/21/2018, Nameer Kiminaia Living Trust Dated 5/31/2019, Ion Diagnostics, LLC and Ion Marketing, LLC;

This is submitted as the required report of that conference.

(1) <u>Initial Disclosures required by Fed. R. Civ. P. 26(a)(1)</u>.

[X] The parties will provide such by April 4, 2024; or
[ ] The parties agree to provide the following at the times indicated:

(2) <u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery plan:

    (a) Discovery will be needed on the following subjects: The allegations contained in Plaintiff's complaint and defenses asserted in the Defendants' answers and affirmative defenses.

    (b) All discovery commenced in time to be completed by February 28, 2025.

    (c) Maximum of 32 interrogatories by Plaintiff to each of the Defendants, Maximum of 32 interrogatories by each Defendant to Plaintiff. Responses due 30 days after service, plus 3 days pursuant to Fed. R. Bankr. P. 9006(f) if service by U.S. Mail. The

parties consent to accept service of interrogatories and responses via email to the parties' counsel of record in this Adversary Proceeding.

(d)   Maximum of 25 requests for admission by Plaintiff to each of the Defendants, Maximum of 25 requests for admission by each of the Defendants to Plaintiff.

Responses due 30 days after service, plus 3 days pursuant to Fed. R. Bankr. P. 9006(f) if service by U.S. Mail. The parties consent to accept service of requests for admissions and responses via email to the parties' counsel of record in this Adversary Proceeding.

(e)   Depositions:

Plaintiff is entitled to 1 deposition of each of the Defendants and 1 deposition of the each of the Defendants' witnesses.

Defendants are each entitled to 1 deposition of Plaintiff and each of the Plaintiff's witnesses. Nonetheless, the Defendants shall make all reasonable efforts to jointly coordinate depositions and deposition topics to prevent unreasonable duplication of deposition discovery to Plaintiff.

(f)   Each deposition shall be limited to maximum of 7 hours unless extended by agreement of parties. Depositions of each party or witness may take place over more than one day subject to the time limitation provided herein.

(g)   Reports from retained experts under Rule 26(a)(2) due:

Party with burden of proof on an issue expert report due date: October 15, 2024,

Party with burden of proof on an issue rebuttal expert report due date: November 30, 2024,

Expert discovery cut-off date February 28, 2025.

(h) Supplementations under Rule 26(e) shall be timely submitted within 14 days of discovery of the additional materials or information being the cause of the need to supplement. In the event that a disclosure is made after the close of discovery, or without adequate time remaining in the discovery period for the non-supplementing party to adequately investigate the claim, the parties shall stipulate to a suitable adjournment/extension of dates and deadlines, not less than 30 days, in order to provide said non-supplementing adequate time to investigate the disclosure. The non-supplementing party may file a motion if an agreement as to the extension/adjournment cannot be reached.

(i) Discovery of electronically stored information:

This adversary proceeding **does** involve the discovery of electronically stored information.

Pursuant to E.D. Mich. LBR 7026-4, the Model Order Relating to the Discovery of Electronically Stored Information approved by the District Court **will** apply.

(3) Other Agreed Upon Items.

(a) Plaintiff is granted leave through, and the deadline is June 14, 2024 to join additional parties and/or to amend the pleadings.

(b) Defendants are granted leave through, and the deadline is June 14, 2024 to join additional parties and/or to amend the pleadings.

(c) All potentially dispositive motions should be filed by March 17, 2025.

(d) The proceeding should be ready for trial by April 28, 2025. The trial is expected to take approximately 3 trial days.

(e) Jury Trial Matters.

(i) [ X ] a jury trial was not timely demanded and is waived;

or

        [ ] a jury trial was timely demanded, but is waived; or

        [ ] a jury trial was timely demanded but not waived.

    (ii)    [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

        [ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

(f)    The parties agree that:

    [ X ] This is a core proceeding; or

    [ ] This is a non-core proceeding otherwise related to the bankruptcy case.

(g)    [ X ] The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding; or

    [ ] The parties do not consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

(4)    <u>Other matters</u>.

The parties agree that mediation of this Adversary Proceeding is likely to facilitate a settlement of Plaintiff's claims and causes of action and request this court to enter an order of mediation with mediation to conclude on or before August 30, 2024. The parties reserve the right to extend the deadline for completion of mediation and to hold subsequent mediation sessions if the initial mediation is not successful.

The parties have agreed to designate Hon. Phillip Shefferly as the mediator in this Adversary Proceeding.

(5) <u>Matters not agreed upon or insufficiently addressed by the foregoing</u>.

None.

This report was approved for submission by the Plaintiff through email consent of all the parties.

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838

Dated: March 12, 2024   dwallace@taftlaw.com

*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**ARK LABORATORY, LLC,**                    Case No. 23-43403-MLO
                                                          Chapter 11

       Debtor.                                      Hon. Maria L. Oxholm
_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

       Plaintiff,                         Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

       Defendants.
_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2024, I caused a copy of the *Report Of Parties' Rule 26(f) Conference* and this *Certificate of Service* on all parties who are registered to receive electronic notification via the court's ECF filing system.

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH  44114-2302
(216) 241-2838

Dated:  March 12, 2024   dwallace@taftlaw.com
*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*