UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**ARK LABORATORY, LLC,**             Case No. 23-43403-MLO
                                            Chapter 11
       Debtor.                            Hon. Maria L. Oxholm
_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

       Plaintiff,                          Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

       Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO HAMID SATTAR

Plaintiff Paul R. Hage, Solely in his Capacity as Liquidating Trustee ("Plaintiff") through his undersigned counsel, serves the following *First Request for Admissions to Hamid Sattar* (collectively, the "Requests for Admissions") upon defendant the Hamid Sattar, pursuant to Fed. R. Bankr. P. 7036/Fed. R. Civ. P. 36 (the "Applicable Rules"). Defendant shall submit his responses within 30 days of the date hereof pursuant to the Applicable Rules. These Discovery Requests shall be deemed continuing, and supplemental responses are required and must be provided pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26.

**INSTRUCTIONS AND DEFINITIONS**

1. To the extent you admit or deny only part of any Request for Admission, identify with specificity the part you admit or deny, and state whether you admit or deny the remaining parts. Any failure to do so will result in having been deemed to admit any part of any Request for Admission that you do not expressly deny.

2. To the extent you claim to have insufficient information to admit or deny any Request for Admission, identify the specific information you would require in order to admit or deny the Request for Admission.

3. These Requests for Admissions are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have served your response that would change your Response, you are required

to revise your Response according to newly discovered information.

4. If you object to any of the Instructions or Definitions herein, you must do so by written response hereto. If your written response to an Instruction or Definition is not made prior to your response to these Requests, it will be presumed that you do not object to any Instruction or Definition.

5. If the response to any Request for Admission herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

6. The term "Adversary Proceeding" shall mean the above captioned Adversary Proceeding.

7. The term "Complaint" shall mean and refer to Plaintiff's Complaint at ECF No. 1 in this matter.

8. The term "Answer" shall mean and refer to the each of the Defendant's Answer to Plaintiff's Complaint at ECF No. 48 in this matter.

9. The term "Sattar" shall mean Defendant Hamid Sattar.

10. The term "Defendant" shall mean and refer to Defendant Sattar.

11. The term "Plaintiff" means the Plaintiff in this Adversary Proceeding, Paul R. Hage, Solely in his Capacity as Liquidating Trustee.

12. The term "Ark" or "Debtor" shall mean and refer to Ark Laboratory, LLC, its affiliated entities, as well as its current and former agents, officers,

directors, members, employees, representatives (including attorneys and accountants), and all other persons acting or purporting to act on its behalf.

13. The term "Bankruptcy Proceeding" means the above captioned bankruptcy matter of the Debtor.

14. The term "Post Closing Agreement" means the agreement titled Post Closing Agreement and dated for September 4, 2020 by and between you and defendants Kiminaia, Tierney, the Trusts, Ark, Grossi and 2210/305.

15. The term "$700,000 Transfer" means the payment or payments totaling $700,000 paid directly or indirectly by the Debtor to you in connection with the Post Closing Agreement.

16. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

17. The term "including" means including without limitation.

18. The terms "relate to" and "relating to" mean in any way concerning, constituting, referring to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by a word of limitation. "Refer to" and "referring to" have the same meaning as stated herein.

19. The term "explain" means provide a comprehensive, accurate, and

detailed explanation of information requested in the propounded interrogatory.

20. The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals, non-identical copies and drafts of the following, whether written, printed, typed, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

21. The term "communication(s)" means any transmittal of information (i.e., facts, ideas, inquiries, etc.), whether done orally, electronically, or in writing from one person or entity to another, or to oneself or to any file, archive or system,

including, but not limited to, any inquiries, discussions, conferences, electronic mail, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication.

22. The terms "you," "your," "yours" shall mean and refer to refer to the Defendant Sattar.

23. The term "any" shall include the collective as well as the singular and shall mean "each", "all", and "every." These terms shall be interchangeable. The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Admissions information which might otherwise be construed to be outside the scope of these Requests for Admissions.

## REQUESTS FOR ADMISSIONS

1. Admit that the you entered into the Post Closing Agreement on or about September 4, 2020.

**RESPONSE:**

2. Admit that you received the $700,000 Transfer in 2021.

**RESPONSE:**

3. Admit that Ark did not receive value from you in exchange for the Post Closing Agreement.

**RESPONSE:**

4. Admit that Ark did not receive value from you in exchange for the $700,000 Transfer.

**RESPONSE:**

5. Admit that no consideration was given by you to the Debtor in exchange for the Post Closing Agreement.

**RESPONSE:**

6. Admit that no consideration was given by you to the Debtor in exchange for the $700,000 Transfer.

**RESPONSE:**

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)

Dated: March 12, 2024

Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838
dwallace@taftlaw.com

*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**ARK LABORATORY, LLC,**      Case No. 23-43403-MLO
     Chapter 11
     Debtor.      Hon. Maria L. Oxholm
_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

     Plaintiff,      Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

     Defendants.
_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2024, I caused a copy of the *Plaintiff's First Request For Admissions To Hamid Sattar* and this *Certificate of Service* on all parties who are registered to receive electronic notification via the court's ECF filing system, including the Defendant's counsel via electronic mail.

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838

Dated: March 12, 2024

dwallace@taftlaw.com
*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*