# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**ARK LABORATORY, LLC,**  Case No. 23-43403-MLO
 Chapter 11
    Debtor. Hon. Maria L. Oxholm
_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

    Plaintiff, Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

    Defendants.
_____/

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES AND DOCUMENT REQUESTS TO
## <u>DEFENDANT 2210/305 LLC</u>

Plaintiff Paul R. Hage, Solely in his Capacity as Liquidating Trustee ("Plaintiff") through his undersigned counsel, serves the following *First Set of Interrogatories and Document Requests* (collectively, the "Discovery Requests") upon defendant 2210/305 LLC ("Defendant"), pursuant to Fed. R. Bankr. P. 7033/Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7034/Fed. R. Civ. P. 34 (the "Applicable Rules"). Defendant shall submit its responses within 30 days of the date hereof pursuant to the Applicable Rules. These Discovery Requests shall be deemed continuing, and supplemental responses are required and must be provided pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26.

## INSTRUCTIONS AND DEFINITIONS

1. In answering the following Discovery Requests, produce all of the requested information and documents in Defendant's possession, custody, or control.

2. These Discovery Requests are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have served your response, which information or documents were not included in your response, such information or documents must be promptly furnished to the undersigned.

3. If you object to any of the Instructions or Definitions herein, you must do so by written response hereto. If your written response to an Instruction or

Definition is not made prior to your response to these Requests, it will be presumed that you do not object to any Instruction or Definition.

4. In answering the Interrogatories and Requests, you are requested to identify all persons who provided the information requested and all documents reviewed or referenced in supplying the information.

5. In answering the Interrogatories and Requests, you are requested to furnish all information available to you, including documents and information in the possession of your attorneys, investigators, or agents, and not merely documents and information within your personal possession or control. If you cannot respond to the following Interrogatories or Requests for Production in full after exercising due diligence, so state and answer to the extent possible, specifying your inability to respond to the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

6. If you consider any document or communication to be privileged, separately with regard to each such document or communication, provide the following information:

    (a) Describe the contents generally and the date of the document or communication;

    (b) Explain fully the basis for the claimed privilege;

    (c) Identify the author or maker and all signatures on the document or communication;

(d) Identify all persons or entities who have, or have had, access to any such matter referred to or involved in such document or communication; and

(e) Identify the custodian of the original and all copies of the document.

7. If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

8. All electronic data created by Defendant from January 1, 2014, through present must be preserved. Please ensure that all current back-up tapes, disks or drives are not rewritten. Stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of any electronic data relating to the issues in this lawsuit. Do not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter. Do not conduct any maintenance such as defragging, reformatting or upgrading any hard drives that may contain data relevant to this litigation. Do not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter.

9. All such electronically stored information must be produced in "native format," including all metadata.

10. The term "Adversary Proceeding" shall mean the above captioned Adversary Proceeding.

11. The term "Complaint" shall mean and refer to Plaintiff's Complaint at ECF No. 1 in this matter.

12. The term "Interrogatories" shall mean and refer to these Interrogatories.

13. The term "Request" shall mean and refer to Plaintiff's Request for Production of Documents.

14. The term "Answer" shall mean and refer to the Defendant's Answer to Plaintiff's Complaint at ECF No. 56 in this matter.

15. The term "Affirmative Defenses" means the Defendant's Affirmative Defenses identified in the Answer.

16. The term "2210/305" shall mean and refer to Defendant 2210/305, LLC.

17. The term "Grossi" shall mean Defendant James A. Grossi.

18. The term "Defendant" shall mean and refer to Defendant 2210/305.

19. The term "Plaintiff" means the Plaintiff in this Adversary Proceeding, Paul R. Hage, Solely in his Capacity as Liquidating Trustee.

20. The term "Ark" or "Debtor" shall mean and refer to Ark Laboratory, LLC, its affiliated entities, as well as its current and former agents, officers, directors, members, employees, representatives (including attorneys and accountants), and all other persons acting or purporting to act on its behalf.

21. The term "Redemption Purchase Price" means the amount of $16,480,000 described in the MIRA.

22. The term "Bankruptcy Proceeding" means the above captioned bankruptcy matter of the Debtor.

23. The term "Requests for Admissions" or "Request for Admission" means the Plaintiff's Requests for Admissions filed concurrently with these Interrogatories and Request directed to you.

24. All capitalized terms not otherwise defined in these Interrogatories shall have the meaning ascribed to them in the Complaint.

25. The term "including" means including without limitation.

26. The terms "relate to" and "relating to" mean in any way concerning, constituting, referring to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by a word of limitation. "Refer to" and "referring to" have the same meaning as stated herein.

27. The term "explain" means provide a comprehensive, accurate, and detailed explanation of information requested in the propounded interrogatory.

28. The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals,

non-identical copies and drafts of the following, whether written, printed, typed, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

29. The term "communication(s)" means any transmittal of information (i.e., facts, ideas, inquiries, etc.), whether done orally, electronically, or in writing from one person or entity to another, or to oneself or to any file, archive or system, including, but not limited to, any inquiries, discussions, conferences, electronic mail, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten),

telegrams, telexes or other forms of communication.

30. The terms "you," "your," "yours" shall mean and refer to refer to the Defendant 2210/305.

31. The term "identify" with respect to a person means to provide, to the fullest extent possible, the person's full name, present (or last known) home and business address, home and business telephone and cell phone number, email addresses and last known place of employment.

32. The term "identify" with respect to a document means to provide, to the fullest extent possible, the (1) type; (2) general subject matter; (3) date; (4) author(s); (5) addressee(s); and (6) any other recipient(s).

33. The term "identify" with respect to a communication or other event, means (1) to state the date of such communication or other event; (2) to identify each person participating therein and/or each person who was present; (3) to state what was said by each participant in the course of such communication or other event, or, if not known or recalled, the substance; (4) to state whether there are any documents which set forth, summarize or refer to any portions of such communication or other event; and (5) if such documents exist, to identify each such document and each person having custody of the document.

34. The term "any" shall include the collective as well as the singular and shall mean "each", "all", and "every." These terms shall be interchangeable.

35. The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests information which might otherwise be construed to be outside the scope of Discovery Requests.

## INTERROGATORIES

1. Identify all persons who contributed any information to or assisted in the preparation of any response to these discovery requests and specify each of the discovery request(s) to which they contributed.

**ANSWER:**

2. Identify all persons who you know to have and persons you believe to have any records, documents or other information pertaining to the Redemption.

**ANSWER:**

3. Identify each of the documents to which you referred or that you relied on or referenced for your Answer, Affirmative Defenses and to respond to the Requests for Admissions or any discovery request in the Adversary Proceeding.

**ANSWER:**

4. Explain the factual basis for each of your Affirmative Defenses.

**ANSWER:**


5. Identify all written or verbal agreements 2210/305 entered into to acquire your membership interest in the Debtor, the date of each such agreement, and identify all consideration paid, the date of all payments, the source of payment and to whom consideration was paid.

**ANSWER:**


6. Identify all persons who you know to have and persons you believe to have any records, documents or other information pertaining to all payments 2210/305 received from Ark for the period of January 1, 2020 through April 30, 2023, including but not limited to payments related to the Grossi Transfers and/or the Grossi Loans and any other payments made to 2210/305.

**ANSWER:**

7. For the period of January 1, 2020 through April 30, 2023, identify each payment and transfer made by Ark directly to you or for your benefit, including the name of the recipient, date of the payment, and amount of each payment.

**ANSWER:**

8. For each bank account where payments from Ark described in Interrogatory 7. were deposited, identify the name of the bank and the name of the account holder, the date of deposit or transfer and the amount of each deposit or transfer.

**ANSWER:**

9. Identify all persons who you know to have and persons you believe to have any records, documents or other information pertaining to all payments responsive to Interrogatory 7. above.

**ANSWER:**

10. For all payments and transfers responsive to Interrogatory 7. above, provide a detailed explanation of the reason for each payment.

**ANSWER:**

11. Identify and describe all value you transferred, conveyed or gave to Ark in exchange for all payments and transfers identified in Interrogatory 7. including dates that value was transferred, conveyed or given.

**ANSWER:**

12. Identify all members, managers, beneficiaries or beneficial owners of 2210/305, and for each person or entity identified, provide all current and prior titles and roles with 2210/305.

**ANSWER:**

13. For the period of January 1, 2020 through the Petition Date, identify all email addresses, email accounts, SMS, text messaging or other instant messaging services including all telephone numbers, usernames, handles or email addresses you

used to communicate about Ark, payments and transfers you received from Ark, the Redemption and the Grossi Transfers (e.g. Whatsapp, Slack, Google Chat, Facebook Messenger or other messaging services).

**ANSWER:**

14. Identify all loans 2210/305 obtained from Ark including the date of the loans and the amount of each loan.

**ANSWER:**

15. Identify all loans by 2210/305 to Ark including the date of the loans and the amount of each loan.

**ANSWER:**

16. For each Request for Admission you did not admit in its entirety, explain in detail the reason for denying the Request for Admission in whole or in part.

**ANSWER:**

# REQUESTS FOR PRODUCTION

1. All documents referring to, relating to, and/or identifying any person and/or entity who received the proceeds of the payments made for, to or for the benefit of 2210/305 for the period from January 1, 2020 through April 30, 2023.

**RESPONSE:**

2. All documents evidencing authority for 2210/305 to enter into the Redemption, and/or execute documents relating to the Redemption.

**RESPONSE:**

3. All documents and written communications (including drafts) referring or relating to payments 2210/305 received from Ark for the period of January 1, 2020 through April 30, 2023, the Redemption, the Note Obligations and the Transfers.

**RESPONSE:**

4. All of Defendant's filed local, state and federal tax returns and any amendments for the reporting periods of 2020 through 2022.

**RESPONSE:**

5. All organizing documents of 2210/305, including but not limited to the operating agreement and any amended operating agreements.

**RESPONSE:**

6. All documents (including drafts of documents) evidencing loans by Ark to you or by you to Ark, including but not limited to documents evidencing payment of any such loans or forgiveness of such loans.

**RESPONSE:**

7. All documents regarding the value you transferred, conveyed or gave to Ark in exchange for payments and transfers described in your response to Interrogatory 7.

**RESPONSE:**

8. All documents (including drafts) memorializing Sattar's transfer or sale of his membership interests to the Trusts, 2210/305, Tierney, Kiminaia or Grossi.

**RESPONSE:**

9. All documents (including drafts) relating to the transfer, sale or conveyance of Grossi's membership interest in Ark to 2210/305.

**RESPONSE:**

10. All settlement agreements and draft settlement agreements relating to the resolution of the claims and causes of action related to the Oakland County Circuit Court Matter of *Tierney Family Trust, et al, v. Ark Laboratory, LLC, et al* Case No. 22-192334-CB.

**RESPONSE:**

11. All documents referred to or relied upon in any discovery request response in the Adversary Proceeding.

**RESPONSE:**

12. All documents (including drafts) of any of Ark's company records or communications you have retained or that are in your possession or control.

**RESPONSE:**

13. All documents that support your full or partial denial of any Request for Admission.

**RESPONSE:**

14. All documents that support your Answer and Affirmative Defenses.

**RESPONSE:**

       Respectfully submitted;

       **TAFT STETTINIUS & HOLLISTER, LLP**

       By: /s/Kimberly Ross Clayson
       Kimberly Ross Clayson (P69804)
       Judith Greenstone Miller (P29208)
       27777 Franklin Road, Suite 2500
       Southfield, Michigan 49034
       (248) 351-3000
       kclayson@taftlaw.com
       jgmiller@taftlaw.com

Dated: March 12, 2024

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838
dwallace@taftlaw.com

*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**ARK LABORATORY, LLC,**  Case No. 23-43403-MLO
  Chapter 11
 Debtor. Hon. Maria L. Oxholm
_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

 Plaintiff, Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

 Defendants.
_____/

## CERTIFICATE OF SERVICE

 I hereby certify that on March 12, 2024, I caused a copy of the *Plaintiff's First Set Of Interrogatories And Document Requests To Defendant 2210/305 LLC* and this

*Certificate of Service* on all parties who are registered to receive electronic notification via the court's ECF filing system, including the Defendant's counsel via electronic mail.

                              Respectfully submitted;

                              **TAFT STETTINIUS & HOLLISTER, LLP**

                              By: /s/Kimberly Ross Clayson
                              Kimberly Ross Clayson (P69804)
                              Judith Greenstone Miller (P29208)
                              27777 Franklin Road, Suite 2500
                              Southfield, Michigan 49034
                              (248) 351-3000
                              kclayson@taftlaw.com
                              jgmiller@taftlaw.com

                              David H. Wallace (Ohio Bar No. 0037210)
                              200 Public Square Suite 3500
                              Cleveland, OH  44114-2302
                              (216) 241-2838
Dated:  March 12, 2024         dwallace@taftlaw.com
                              *Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*