## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

       Debtor.

_____/

PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,

       Plaintiff,

v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

       Defendants.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

Adv. P. Case No. 23-04496-MLO

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Paul R. Hage, solely in his capacity as Liquidating Trustee of the

Ark Laboratory Trust ("<u>Plaintiff</u>"), by and through his undersigned counsel, provides these Initial Disclosures ("<u>Initial Disclosures</u>" or "<u>Disclosures</u>") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "<u>Rules</u>"), made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

<strong><u>RESERVATIONS</u></strong>

1.      These Initial Disclosures are based upon information reasonably available to Plaintiff as of this date. Continuing investigation and discovery may alter these Disclosures. Accordingly, Plaintiff reserves the right to supplement the information disclosed below if additional information becomes available.

2.      By making these Disclosures, Plaintiff does not represent that any particular document exists within his possession, custody or control.

3.      These Initial Disclosures are made without waiver of, or prejudice to, any objections that Plaintiff may have. Plaintiff expressly reserves all evidentiary and other objections, including, but not limited to, objections on the grounds of (a) relevance, (b) attorney-client privilege, (c) the attorney work-product doctrine, (d) any other applicable privilege or protection under federal or applicable state law, (e) undue burden, (f) immateriality, and (g) overbreadth.

4.      Plaintiff reserves the right to clarify, amend, modify, or supplement the information contained in these Initial Disclosures if and when he obtains

supplemental information, to the extent required by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

5.      Plaintiff expressly reserves the right to identify and call as witnesses additional persons other than those listed below if, during the course of discovery and investigation relating to this adversary proceeding, Plaintiff learns that such additional persons have knowledge of relevant matters.

6.      These Initial Disclosures are made subject to and without limiting any of the foregoing reservations.

## INITIAL DISCLOSURES

1.      In accordance with Rule 26(a)(1)(A)(i), the following persons may have discoverable information that Plaintiff may use to support his claims:

a) All above-captioned parties who are individuals and party representatives for all above-captioned non-individual parties.

b) All Ark Laboratory, LLC ("Ark" or the "Debtor") accountants for any period between January 2019 through the present date.

c) Representatives of Beaconview Advisors, Peninsula Fund VII, LP and Comerica Bank with knowledge of Ark including but not limited to those individuals who have knowledge of or who participated in the Redemption[1], the Redemption Financing and any extension of credit, forbearances or other transactions with Ark.

d) All of Ark's officers and directors for any period between January 2019 and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Plaintiff's Complaint [ECF No. 1] (the "Complaint") in the above captioned adversary proceeding.

the Petition Date.

e) All of Ark's employees who handled or managed Ark's finances included but not limited to Ark's chief financial officers and/or controller(s) for any period between January 2019 and the Petition Date.

f) Plaintiff's Financial Advisor, C. Keith Chulumovich, CPA, CTP, O'Keefe & Associates or any additional or successor financial advisors that the Plaintiff hires.

g) Any individuals whose identity may become known during the discovery process.

h) Any experts who become apparent or necessary through the discovery process.

i) Any necessary and appropriate rebuttal witnesses.

2. In accordance with Rule 26(a)(1)(A)(ii), the categories of documents in Plaintiff's possession, custody or control that he may use to support his claims primarily include, but are not necessarily limited to:

a. Executed Redemption documents;

b. Ark's QuickBooks and any other accounting files;

c. Ark's Financial reports ;

d. Ark's tax returns;

e. Banking records of Ark regarding the Transfers;

The following categories of records are not in the possession, custody and control of Plaintiff that may support Plaintiff's claims primarily include but are not necessarily limited to:

f.  Ark's Financial Reports;[2]

g.  Defendants' tax returns;

h.  Ark's electronically stored information;

i.  Ark's email and direct messaging accounts and their contents;

j.  Defendants' email and direct messaging accounts and their contents;

3.    In accordance with Rule 26(a)(1)(A)(iii), Plaintiff is entitled to up to $72 million in damages, representing all general unsecured claims filed on the courts Official Claims Registry.

4.    In accordance with Rule 26(a)(1)(A)(iv), Plaintiff understands there is an executive liability policy held by Scottsdale Indemnity Company that may cover certain of the acts identified in the Complaint.

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

---

[2] Ark's records that are not within Plaintiff's possession, custody and control are in the possession, custody and control of Auxo Investment Partners.

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH  44114-2302
(216) 241-2838
dwallace@taftlaw.com


*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*

Dated:  April 11, 2024

In re:

| | |
|---|---|
| **ARK LABORATORY, LLC,** | Case No. 23-43403-MLO |
| | Chapter 11 |
| Debtor. | Hon. Maria L. Oxholm |

_____/

**PAUL R. HAGE, solely in his
capacity as Liquidating Trustee
of the Ark Laboratory Trust,**

      Plaintiff,                         Adv. P. Case No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,**

      Defendants.

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing *Plaintiff's Initial*

*Disclosures* by ECF notification to all parties who have filed an appearance in the above-captioned adversary proceeding.

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Judith Greenstone Miller (P29208)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
jgmiller@taftlaw.com

David H. Wallace (Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH  44114-2302
(216) 241-2838
dwallace@taftlaw.com

*Attorneys for Plaintiff Paul R. Hage Solely in his Capacity as Liquidating Trustee of the Ark Laboratory Trust*

Dated:  April 11, 2024