UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case: 23-43403-MLO
 Chapter 11
ARK LABORATORY, LLC,  Hon. Maria L. Oxholm

    Debtor
_____/
PAUL R. HAGE, solely in his  Adv. P. Case No. 23-04496-MLO
capacity as Liquidating Trustee
of the Ark Laboratory Trust,

    Plaintiff,

v

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
company, BRIAN TIERNEY, Individually
and as Trustee of the TIERNEY FAMILY
TRUST DATED 12/21/2018, NAMEER
KIMINAIA, Individually and as Trustee of
the NAMEER KIMINAIA LIVING TRUST
DATED 5/31/2019, HAMID SATTAR, ION
DIAGNOSTIC, LLC, a Michigan limited
liability company, and ION MARKETING,
LLC, a Michigan limited liability company,

    Defendants.

## **DEFENDANT HAMID SATTAR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Defendant Hamid Sattar ("Defendant Sattar"), through his attorneys, Zousmer Law Group PLC and Saretsky Hart Michaels + Gould PC, states the following Objections and Responses to Plaintiff's First Request for Admissions to Hamid Sattar ("Plaintiff's Request for Admissions"):

## REQUESTS FOR ADMISSIONS

1. Admit that you entered into the Post Closing Agreement on or about September 4, 2020.

**RESPONSE:** Defendant Sattar objects to this Request for Admission because it violates the requirements under Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36(a)(2) that "[a] request to admit the genuineness of a document must be accompanied by a copy of the document, unless it is, or has been, otherwise furnished or made available for inspection and copying," as Plaintiff did not provide a copy of the subject document. Subject to and without waiving these objections, Defendant Sattar admits that he signed a document entitled Post Closing Agreement [Execution Copy 9/1/2020] on September 4, 2020.

2. Admit that you received the $700,000 Transfer in 2021.

**RESPONSE:** Defendant Sattar objects to this Request for Admission because it violates the requirements under Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36(a)(2) that "[e]ach matter must be separately stated," as Plaintiff's definition of the term "$700,000 Transfer" includes multiple or alternative factual components. Defendant Sattar further objects to this Request for Admission because it violates the requirements under Fed.R.Bankr.P. 7026 and/or Fed.R.Civ.P. 36(a)(2) that "[a] request to admit the genuineness of a document must be accompanied by a copy of the document, unless it is, or has been, otherwise furnished or made available for inspection and copying," as Plaintiff's definition of the "$700,000 Transfer" refers to the "Post Closing Agreement," which, as noted above, Plaintiff did not provide a copy of the subject document. Subject to and without waiving

these objections, Defendant Sattar denies that he received the so-called $700,000 Transfer in 2021.

3. Admit that Ark did not receive value from you in exchange for the Post Closing Agreement.

**RESPONSE:** Defendant Sattar reasserts and realleges his objections to Request for Admission No. 1, above. Defendant Sattar further objects that Plaintiff's Request for Admissions does not include a definition of the term "value", which Defendant Sattar objects is otherwise vague and ambiguous, as well as subjective as to Ark. Defendant Sattar further objects that he cannot truthfully admit or deny this Request for Admission for the reasons stated above, as well as based upon his lack of knowledge and/or information regarding Ark, Ark's members and managers, and Ark's financial and/or lending agreements and/or relationships with Comerica Bank, Peninsula Capital Partners, LLC, Peninsula Fund VII, LP and/or other individuals/entities. Despite his reasonable inquiry, the known and/or readily available information is insufficient to enable Defendant Sattar to truthfully admit or deny this Request for Admission. Subject to and without waiving these objections, Defendant Sattar understands that Ark determined that it was receiving value in exchange for the Post Closing Agreement and Defendant Sattar further states that Ark received value by virtue of redeeming and extinguishing Defendant Sattar's membership and/or other interests in Ark.

4. Admit that Ark did not receive value from you in exchange for the $700,000 Transfer.

**RESPONSE:** Defendant Sattar reasserts and realleges his objections to Request for Admission No. 2, above. Defendant Sattar further objects that Plaintiff's Requests for Admissions do not include a definition of the term "value", which Defendant Sattar objects is otherwise vague and ambiguous, as well as subjective as to Ark. Defendant Sattar further objects that he cannot truthfully admit or deny this Request for Admission for the reasons stated above, as well as based upon his lack of knowledge and/or information regarding Ark, Ark's members and managers, and Ark's financial

and/or lending agreements and/or relationships with Comerica Bank, Peninsula Capital Partners, LLC, Peninsula Fund VII, LP and/or other individuals/entities. Despite his reasonable inquiry, the known and/or readily available information is insufficient to enable Defendant Sattar to truthfully admit or deny this Request for Admission. Subject to and without waiving these objections, Defendant Sattar understands that Ark determined that it was receiving value in exchange for the payment of $346,666.58 to Defendant Sattar in connection with the closing of the Redemption Transactions, which appears to comprise a portion of the so-called $700,000 Transfer, as defined in the Complaint, and Defendant Sattar further states that Ark received value by virtue of redeeming and extinguishing Defendant Satar's membership and/or other interests in Ark.

5. Admit that no consideration was given by you to the Debtor in exchange for the Post Closing Agreement.

**RESPONSE:** Defendant Sattar reasserts and realleges his objections to Request for Admission No. 1, above. Defendant Sattar further objects that Plaintiff's Requests for Admissions do not include a definition of the term "consideration", which Defendant Sattar objects is otherwise vague and ambiguous. Defendant Sattar further objects that he cannot truthfully admit or deny this Request for Admission for the reasons stated above, as well as based upon his lack of knowledge and/or information regarding Ark, Ark's members and managers, and Ark's financial and/or lending agreements and/or relationships with Comerica Bank, Peninsula Capital Partners, LLC, Peninsula Fund VII, LP and/or other individuals/entities. Despite his reasonable inquiry, the known and/or readily available information is insufficient to enable Defendant Sattar to truthfully admit or deny this Request for Admission. Subject to and without waiving these objections, Defendant Sattar understands that Ark determined that it was receiving consideration in exchange for the Post Closing Agreement and Defendant Sattar further states that he provided consideration by redeeming and extinguishing his membership and/or other interests in Ark.

6. Admit that no consideration was given by you to the Debtor in exchange for the $700,000 Transfer.

**RESPONSE:** Defendant Sattar reasserts and realleges his objections to Request for Admission No. 2, above. Defendant Sattar further objects that Plaintiff's Requests for Admissions do not include a definition of the term "consideration", which Defendant Sattar objects is otherwise vague and ambiguous. Defendant Sattar further objects that he cannot truthfully admit or deny this Request for Admission for the reasons stated above, as well as based upon his lack of knowledge and/or information regarding Ark, Ark's members and managers, and Ark's financial and/or lending agreements and/or relationships with Comerica Bank, Peninsula Capital Partners, LLC, Peninsula Fund VII, LP and/or other individuals/entities. Despite his reasonable inquiry, the known and/or readily available information is insufficient to enable Defendant Sattar to truthfully admit or deny this Request for Admission. Subject to and without waiving these objections, Defendant Sattar understands that Ark determined that it was receiving consideration in exchange for the so-called $700,000 Transfer and Defendant Sattar further states that he provided consideration by founding, developing and funding Ark and by redeeming and extinguishing his membership and/or other interests in Ark.

Respectfully Submitted,

Saretsky Hart Michaels + Gould PC

By: s/ Brian Witus
Gary M. Saretsky (P31708)
Brian Witus (P72394)
Zachery Chuey (P83966)
Saretsky Hart Michaels + Gould PC
Attorneys for Defendant James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid Sattar
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300

Dated: May 13, 2024

Zousmer, Law Group

By: s/ Michael Zousmer
Michael Zousmer (P47190)
Attorneys for James Grossi, Brian Tierney, Nameer Kiminaia, and Hamid Sattar
32255 Northwestern Hwy #225
Farmington Hills, MI 48334
(248) 851-4111

Dated: May 13, 2024