UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case: 23-43403-MLO
 Chapter 11
ARK LABORATORY, LLC,  Hon. Maria L. Oxholm

    Debtor
_____/
PAUL R. HAGE, solely in his  Adv. P. Case No. 23-04496-MLO
capacity as Liquidating Trustee
of the Ark Laboratory Trust,

    Plaintiff,

v

JAMES A. GROSSI, an Individual, 2210/305 LLC, a Michigan limited liability company, BRIAN TIERNEY, Individually and as Trustee of the TIERNEY FAMILY TRUST DATED 12/21/2018, NAMEER KIMINAIA, Individually and as Trustee of the NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019, TIERNEY FAMILY TRUST DATED 12/21/2018, NAMEER KIMINAIA LIVING TRUST DATED 5/31/2019, HAMID SATTAR, ION DIAGNOSTIC, LLC, a Michigan limited liability company, and ION MARKETING, LLC, a Michigan limited liability company,

    Defendants.

---

## DEFENDANT 2201/305 LLC OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

Defendant 2201/305 LLC ("Defendant 2201/305 LLC"), through its attorney, Lefkowitz Law Group, submits its Objections and Responses to Plaintiff's First Set of Interrogatories and Document Requests ("Discovery Requests"), and states as follows:

## **GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated by reference into each specific answer set forth below; all such objections are expressly preserved.

1. Defendant 2201/305 LLC objects to the Discovery Requests to the extent they request information that is outside of his possession, custody or control.

2. Defendant 2201/305 LLC objects to the Discovery Requests to the extent that they call for answers that would disclose privileged information, including information protected by the attorney—client privilege, work product doctrine confidential or proprietary information, trade secret information, and any other applicable privileges.

3. Defendant 2201/305 LLC objects to each Discovery Request that is overly broad unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

4. To the extent that a specific Discovery Request seeks "all documents", without stating with particularity the information south, and within a reasonable date range, Defendant 2210/305 LLC objects to these Discovery Requests on the grounds that they are vague, overbroad, unduly burdensome and that it is impossible for Defendant Grossi to respond to these Discovery Requests in good faith.

5. Defendant 2210/305 LLC objects to each definition, instruction and Interrogatory to the extent that they purport to impose an requirements or discovery

obligations greater than or different from those under the Federal Rules of Civil Procedure.

6. Defendant 2210/305 LLC objects to the extent that Plaintiff's Interrogatories exceed the maximum limit of 32 Interrogatories permitted under the Court's Adversary Proceeding Scheduling Order, which incorporates the Report of Parties' Rule 26(f) Conference.

7. Defendant 2210/305 LLC reserves the right to correct or add to any of the general or specific objections. Defendant Grossi also reserves the right to supplement their answers as additional information becomes known.

## **INTERROGATORIES**

1. Identify all persons who contributed any information to or assisted you in the preparation of any discovery request response in the Adversary Proceeding and specify each of the discovery request(s) to which they contributed.

**RESPONSE:** Defendant 2210/305 LLC objects to this Interrogatory because it is overly broad, unduly burdensome and unreasonable with respect to persons who contributed and/or assisted in connection with responding to discovery requests directed to other defendants in this Adversary Proceeding. Subject to and without waiving these objections, Defendant Grossi states that he has contributed information and assisted in the preparation of the Discovery Requests directed to him.

2. Identify all persons who you know to have and persons you believe to have any records, documents or other information pertaining to the Redemption.

**RESPONSE:** Defendant 2210/305 LLC states that the following individuals and/or entities may have records, documents or other information pertaining to the transfer or sale of his membership interests in Ark: Plaintiff, Ark, Hamid Sattar, James Grossi and/or 2210/350, Brian Tierney and/or his Trust, Norm Kiminaia Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant Kiminaia refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

Partners, LLC, and Peninsula Fund VII, LP.

3. Identify each of the documents to which you referred or that you relied on or referenced for your Answer, Affirmative Defenses, and to respond to any discovery response in the Adversary Proceeding.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

4. Explain the factual basis for each of your Affirmative Defenses.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

5. Identify all written or verbal agreements you entered into to acquire your membership interest in the Debtor, the date of each such agreement, and identify all consideration paid, the date of all payments, the source of payment and to whom consideration was paid.

**RESPONSE:** Defendant Grossi acquired his 1/3 membership interest in Ark from Defendant Hamid Sattar in June 2015. Defendant Grossi then acquired an additional 1/3 membership interest from Defendant Brian Tierney and an additional 1/3 membership interest from Defendant Norm Kiminaia in connection with the Redemption Transactions in or around January 2021. Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant Grossi refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

6. During the period of January 1, 2019 through the present, identify all attorneys, accountants, consultants, advisers and other professionals ("Professionals") who assisted, advised or represented Ark ("Professional Services"), whether or not such Professional Services were provided jointly with other entities or individuals or solely to Ark.

**RESPONSE:** Defendant 2210/305 LLC objects to this Interrogatory because it is overly broad, unduly burdensome, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant Grossi states that the following attorneys and accountants provided professional services to Ark during the referenced time period:

    Attorneys
    Accountants
    Other Advisors


7. Identify all persons who you know to have and persons you believe to have any records, documents or other information pertaining to all payments you have received from Ark for the period of January 1, 2020 through April 30, 2023, including but not limited to, payments related to the Grossi Transfers and/or the Grossi Loans.

**RESPONSE:** Defendant 2210/305 LLC states that the following individuals and/or entities may have records, documents or other information pertaining to the transfer or sale of his membership interests in Ark: Plaintiff, Ark, Hamid Sattar, James Grossi and/or 2210/350, Brian Tierney and/or his Trust, Norm Kiminaia and/or his Trust, BeaconView Advisors, LLC, Comerica Bank, Peninsula Capital Partners, LLC, and Peninsula Fund VII, LP.

8. Identify all employees, officers or managers of Ark who participated in or assisted you with obtaining the Redemption Financing and completing the Redemption transaction.

**RESPONSE:** James Grossi, Brian Tierney and Norm Kiminaia.

9. Identify all members, managers or other persons who authorized the Redemption on behalf of the Debtor.

**RESPONSE:** James Grossi, Brian Tierney and Nameer Kiminaia.

10. For the period of January 1, 2020 through April 30, 2023, identify each payment and transfer made by Ark directly to you or for your benefit, including the name of the recipient, date of the payment, and amount of each payment.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

11. For each bank account where payments from Ark described in Interrogatory 10. were deposited, identify the name of the bank and the name of the account holder, the date of deposit or transfer and the amount of each deposit or transfer.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant Kiminaia refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

12. Identify all persons who you know to have and persons you believe to have any records, documents or other information pertaining to all payments responsive to Interrogatory 10. above.

**RESPONSE:** Plaintiff, Ark, Comerica Bank, Peninsula Capital Partners, LLC, Peninsula Fund VII, James Grossi, Brian Tierney, Norm Kiminaia. Investigation continues.

13. For all payments and transfers responsive to Interrogatory 10. above, provide a detailed explanation of the reason for each payment.

**RESPONSE:** Defendant 2210/305 LLC states that each payment and/or transfer was required pursuant to the pertinent agreements in connection with the Redemption Transactions.

14. Identify and describe all value you transferred, conveyed or gave to Ark in exchange for all payments and transfers identified in Interrogatory 10. including dates that value was transferred, conveyed or given.

**RESPONSE:** Defendant 2210/305 LLC state that Defendant Grossi provided value throughout his time as a member and/or manager of Ark. 2210/305 LLC state that Defendant Grossi expended personal funds on behalf of Ark's business operations in connection with Ark's overall financial circumstances, including with respect to paying vendors and other liabilities of Ark, and client and account development and maintenance and employee development and maintenance, including with respect to travel and entertainment expenses.

15. Explain in detail how the Redemption Purchase Price was determined.

**RESPONSE:** 2210/305 LLC states that Defendant Grossi stated that the price of the redemption purchase price was determined as a result of discussions between and among James Grossi, Brian Tierney and Nameer Kiminaia, including discussions regarding Ark's customers, Ark's accounts, and Ark's revenues and associated trends and projections, including cash flow.

16. Identify all persons who contributed to the determination of the Redemption Purchase Price.

**RESPONSE:** See Response to Interrogatory No. 15, above.

17. To the extent that you relied on documents or records to determine the Redemption Purchase Price, identify the documents and records you relied upon.

**RESPONSE:** See Response to Interrogatory No. 15, above. Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to its forthcoming document production upon entry of an appropriate Protective Order.

18. Explain in detail how the Managers and Sattar determined the purchase price for Sattar's former membership interest in Ark.

**RESPONSE:** 2210/305 LLC states that Defendant Grossi acquired his 1/3 membership interest in Ark from Defendant Hamid Sattar in June 2015. The purchase price was determined based upon discussions with Hamid Sattar and Brian Tierney.

19. To the extent that you relied on documents or records to determine the purchase price for Sattar's membership interest, identify the documents and records you relied upon.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to its forthcoming document production upon entry of an appropriate Protective Order.

20. Identify all records and information you compiled, prepared and/or submitted to BeaconView, Peninsula or Comerica in connection with facilitating or negotiating the Redemption Financing for the Debtor.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to its forthcoming document production upon entry of an appropriate Protective Order.

21. For the period of January 1, 2019 through the Petition Date, identify all email addresses, email accounts, SMS, text messaging or other instant messaging services including all telephone numbers, usernames, handles or email addresses you used to communicate about Ark, payments and transfers you received from Ark, the Redemption and the Grossi Transfers (e.g. Whatsapp, Slack, Google Chat, Facebook Messenger or other messaging services).

**RESPONSE:** Defendant Grossi stated that he used the following mobile mobile phone number and email address to communicate about Ark: Defendant Grossi's mobile phone service through Verizon: (248) 425-3880 and Defendant Kiminaia's email address: jgrossi@helixmdx.com.

22. During your term as manager of the Debtor, explain how the Debtor's financial records (including, but not limited to, the accounts payable records) were stored or maintained, specify the name of any financial software programs used.

**RESPONSE:** Defendant 2210/305 LLC states that Ark maintained paper ledgers regarding its accounting and financial matters. **[EXPAND]**

23. Identify all records or information you identified or relied upon when you testified on October 17, 2023 and December 1, 2023 in the Bankruptcy Proceeding that you discovered that Ark owed $1.5 million in payables that existed prior to the Redemption Closing Date that were not discovered by you or Lou Perez a/k/a Louis Perez or Luis Perez until after the Redemption Closing Date.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 33 and Fed.R.Civ.P 33(d), Defendant 2210/305 LLC refers to its forthcoming document production upon entry of an appropriate Protective Order.

24. Identify all loans you or any other entity you own or control obtained from Ark and for each, identify the date of the loans and the amount of each loan.

**RESPONSE:** None.

25. Identify all loans by you to Ark and for each, identify the date of the loans, the reason for the loans and the amount of each loan.

**RESPONSE:** EXPAND

26. For each Request for Admission you did not admit in its entirety, explain in detail the reason for denying the Request for Admission in whole or in part.

**RESPONSE:** See, Defendant 2210/305 LLC Objections and Responses to Plaintiff's First Request for Admissions.

27. During the period of January 1, 2020 through April 12, 2023, identify each trip you took that involved private or commercial airplane travel that was paid for by Ark including the location you traveled to, the purpose of the trip, and for each trip, identify any other individuals with whom you traveled whose travel expenses were paid in full or in part by Ark.

**RESPONSE:    EXPAND**

## REQUESTS FOR PRODUCTION

1. All documents referring to, relating to, and/or identifying any person and/or entity who received the proceeds of the payments made to you or for your benefit, including but not limited to payments related to the Grossi Transfers and repayment by Ark of the Grossi Loans from the period of January 1, 2020 through April 30, 2023.

    **RESPONSE:** Defendant 2210/305 LLC objects to this Document Request because it is overly broad, unduly burdensome, unreasonable, seeks irrelevant and immaterial information and documents, and is not reasonably calculated to lead to the discovery of admissible evidence.

2. All documents and written communications (including drafts) referring or relating to payments you received from Ark for the period of January 1, 2020 through April 30, 2023, the Redemption, the Note Obligations and the Transfers.

    **RESPONSE:** Defendant 2210/305 LLC objects to this Request to the extent that it seeks information and documents protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

3. All of Defendant's filed local, state and federal tax returns and any amended local, state and federal tax returns for the reporting periods of 2020 through 2022.

    **RESPONSE:** Defendant 2210/305 LLC objects to this Document Request because it is overly broad, unduly burdensome, unreasonable, seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence.

4. All documents (including drafts of documents) evidencing loans, by Ark to you or by you to Ark, including but not limited to documents evidencing payment of any such loans or forgiveness of such loans.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

5. All documents (including drafts) of any business valuations or appraisals or asset valuations or appraisals of Ark or its assets at any time from 2019 through 2023.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

6. All documents (including drafts) supporting the valuation of the personal property described in the Bill of Sale.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

7. Produce all documents, records and information you compiled, prepared and/or submitted to BeaconView, Peninsula or Comerica in connection with facilitating or negotiating the Redemption Financing for the Debtor.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

8. All documents (including drafts) relating to the valuation of Sattar's membership interest.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

9. All documents (including drafts) you relied on to determine the Redemption Purchase Price.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

10. All documents regarding the value you transferred, conveyed or gave to Ark in exchange for payments and transfers described in your response to Interrogatory 10.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

11. All documents (including drafts) memorializing Sattar's transfer or sale of his membership interests to the Trusts and 2210/350 or Tierney, Kiminaia and Grossi.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

12. All documents (including drafts) relating to the transfer, sale or conveyance of any membership interest in Ark to you.

**RESPONSE:** Defendant 2210/305 LLC objects to this Request to the extent that it seeks documents and information protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

13. All settlement agreements and draft settlement agreements relating to the resolution of the claims and causes of action related to the Oakland County Circuit Court Matter of *Tierney Family Trust, et al, v. Ark Laboratory, LLC, et al* Case No. 22-192334-CB.

**RESPONSE:** Defendant 2210/305 LLC objects to this Request to the extent that it seeks documents and information protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these

objections, upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce a copy of the final settlement agreement in the above referenced matter.

14. All documents (including drafts) evidencing the authorization for Debtor to enter into the Redemption.

15.

**RESPONSE:** Defendant 2210/305 LLC objects to this Document Request to the extent that it seeks documents and information protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

16. All documents identified, referred to or relied upon by you to respond to in any discovery request response in the Adversary Proceeding.

**RESPONSE:** Defendant 2210/305 LLC objects to this Document Request to the extent that it seeks documents and information protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

17. All documents (including drafts) of any of Ark's company records or communications you have retained or that are in your possession or control.

**RESPONSE:** Defendant 2210/305 LLC objects to this Request to the extent that it seeks documents and information protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Defendant Grossi further objects to this Document Request because it is overly broad, unduly burdensome, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Grossi will produce copies of responsive documents.

18. All documents that support your full or partial denial of any Request for Admission.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

19. All documents that support your Answer and Affirmative Defenses.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant 2210/305 LLC will produce copies of responsive documents.

Respectfully Submitted,

Respectfully submitted,
**Lefkowitz Law Group**

*/s/ Morris B. Lefkowitz*
By: Morris B. Lefkowitz (P31335)
29777 Telegraph Road, Suite 2440
Southfield, MI 48034
(248) 559-0180

Dated: May 13, 2024

## CERTIFICATE OF SERVICE

The undersigned states that on May 13, 2024 a Certificate of Service regarding the foregoing document was electronically filed with the Court using the Court's e-file system and served upon all counsel of record via the e-file and serve system.

/s/ Morris B. Lefkowitz