UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case: 23-43403-MLO
 Chapter 11
ARK LABORATORY, LLC,  Hon. Maria L. Oxholm

    Debtor
_____/
PAUL R. HAGE, solely in his  Adv. P. Case No. 23-04496-MLO
capacity as Liquidating Trustee
of the Ark Laboratory Trust,

    Plaintiff,
v

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
company, BRIAN TIERNEY, Individually
and as Trustee of the TIERNEY FAMILY
TRUST DATED 12/21/2018, NAMEER
KIMINAIA, Individually and as Trustee of
the NAMEER KIMINAIA LIVING TRUST
DATED 5/31/2019, HAMID SATTAR, ION
DIAGNOSTIC, LLC, a Michigan limited
liability company, and ION MARKETING,
LLC, a Michigan limited liability company,

    Defendants.

---

## DEFENDANT HAMID SATTAR'S CORRECTED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

Defendant Hamid Sattar ("Defendant Sattar"), through his attorneys, Zousmer Law Group PLC and Saretsky Hart Michaels + Gould PC, and for his Corrected Objections and Responses to Plaintiff's First Set of Interrogatories and Document Requests ("Discovery Requests") states as follows:

## **GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated by reference into each specific answer set forth below; all such objections are expressly preserved.

1. Defendant Sattar objects to the Discovery Requests to the extent they request information that is outside of his possession, custody and/or control.

2. Defendant Sattar objects to the Discovery Requests to the extent that they call for answers that would disclose privileged information, including information protected by the attorney-client privilege, work product doctrine, confidential or proprietary information, trade secret information, and any other applicable privileges.

3. Defendant Sattar objects to each Discovery Request that is overly broad unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

4. To the extent that a specific Discovery Request seeks "all documents", without stating with particularity the information south, and within a reasonable date range, Defendant Sattar objects to these Discovery Requests on the grounds that they are vague, overbroad, unduly burdensome and that it is impossible for Defendant Sattar to respond to these Discovery Requests in good faith.

5. Defendant Sattar objects to each definition instruction and Interrogatory to the extent that they purport to impose any requirements or discovery obligations greater than or different from those under the Federal Rules of Civil Procedure.

6. Defendant Sattar objects to the extent that Plaintiff's Interrogatories exceed the maximum limit of 32 Interrogatories permitted under the Court's Adversary Proceeding Scheduling Order, which incorporates the Report of Parties' Rule 26(f) Conference.

7. Defendant Sattar reserves the right to correct or add to any of the general or specific objections. Defendant Sattar also reserves the right to supplement his answers as additional information becomes known.

## **INTERROGATORIES**

1. Identify all persons who contributed any information to or assisted in the preparation of any discovery request response in the

Adversary Proceeding and specify each of the discovery request(s) to which they contributed.

**RESPONSE:** Defendant Sattar objects to this Interrogatory because it is overly broad, unduly burdensome and unreasonable with respect to identifying all persons who contributed and/or assisted in connection with responding to discovery requests directed to other parties and/or non-parties in this Adversary Proceeding. Subject to and without waiving these objections, Defendant Sattar states that he has contributed information and assisted in the preparation of responses to the Discovery Requests directed to him.

2. Identify each of the documents to which you referred or that you relied on or referenced in order to respond to any discovery response in the Adversary Proceeding.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar refers to his forthcoming document production upon entry of an appropriate Protective Order. Investigation continues.

3. Identify all persons who you know to have or believe have any records, documents or other information pertaining to the transfer or sale of your membership interest in Ark to Tierney, Kiminaia, Grossi, Tierney Trust, Kiminaia Trust or 2210/350.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar refers to his forthcoming document production upon entry of an appropriate Protective Order. Defendant Sattar further states that the following individuals and/or entities may have records, documents or other information pertaining to the transfer or sale of his membership interests in Ark: Plaintiff, Ark, Hamid Sattar, James Grossi and/or 2210/305, Brian Tierney and/or his Trust, Norm Kiminaia and/or his Trust, BeaconView

Advisors, LLC, Comerica Bank, Peninsula Capital Partners, LLC, Peninsula Fund VII, LP, Huntington Bank, and MSU Health Care Laboratories. Investigation continues.

4. Explain the factual basis for each of your Affirmative Defenses.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar refers to his forthcoming document production upon entry of an appropriate Protective Order. Defendant Sattar further states that he was not involved in the day-to-day operations of Ark after he sold and/or transferred his membership interests in Ark to Defendant James Grossi and Defendant Brian Tierney in June 2015 and to Defendant Norm Kiminaia in October 2017. Prior to these time periods, Defendant Sattar was responsible for the formation, development and funding of Ark, including with respect to Ark's the acquisition and maintenance of equipment, licensing, regulatory and medical billing codes, and other matters. During these time periods, Defendant Sattar provided Ark with capital contributions, loans and/or payments to and on behalf of Ark, including with respect to outstanding loans to Ark by Huntington Bank. Investigation continues.

5. Identify all persons who you know to have or believe have any records, documents or other information pertaining to payments you received from Ark during the period of January 1, 2020 through April 30, 2023 including but not limited to payments in connection with the $700,000 Transfer.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar refers to his forthcoming document production upon entry of an appropriate Protective Order. Defendant Sattar further states that the following individuals and/or entities may have records, documents or other information pertaining to the payments that he received from Ark during the period of January 1, 2020 through April 30, 2023: Plaintiff, Ark, Hamid Sattar, James Grossi and/or 2210/305, Brian Tierney and/or his Trust, Norm Kiminaia and/or his Trust, BeaconView Advisors, LLC, Comerica Bank,

Peninsula Capital Partners, LLC, Peninsula Fund VII, LP, Huntington Bank, and MSU Health Care Laboratories. Investigation continues.

6. For the period of January 1, 2020 through April 30, 2023, identify all payments or transfers that Ark paid to you directly or indirectly including payments related to the $700,000 Transfer including the date of each payment or transfer, and the amount of each payment or transfer and for each bank account where the proceeds of payments described herein were deposited, identify the name of the bank and the name of the account holder.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar refers to his forthcoming document production upon entry of an appropriate Protective Order. Defendant Sattar further states that he received $346,666.58 in connection with the closing of the Redemption Transactions in January 2021. Investigation continues.

7. Explain in detail how you derived at and agreed to the purchase price your membership interest in Ark for each transfer or sale of your membership interest to Grossi, Tierney, Kiminaia, Kiminaia Trust, Tierney Trust, or 2210/350 and, to the extent that you relied on documents or records, identify the documents and records you relied upon.

**RESPONSE:** Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar refers to his forthcoming document production upon entry of an appropriate Protective Order. Defendant Sattar further states that with respect to the June 2015 transfers and/or sales of 1/3 of his membership interest in Ark to Defendant James Grossi and 1/3 of this membership interest to Defendant Brian Tierney, the purchase price of the membership interests was determined based upon discussions with Defendant James

6
23-04496-mlo    Doc 148    Filed 05/16/24    Entered 05/16/24 17:37:25    Page 6 of 12

Grossi and Defendant Brian Tierney. Defendant Sattar further states that with respect to the October 2017 transfer and/or sale of 1/3 of his membership interest in Ark to Defendant Norm Kiminaia, the purchase price of the membership interest was determined based upon discussions with Defendant Norm Kiminaia, as well as limited discussions with Defendant James Grossi and Defendant Brian Tierney.

8. Identify all email addresses and/or email accounts, SMS or other text messaging or messaging services and identify all such messaging services used and identify all telephone numbers, usernames, handles or email addresses you used to communicate about Ark, the $700,000 Transfer or the Redemption (e.g. Whatsapp, Slack, Google Chat, Facebook Messenger or other messaging services).

**RESPONSE:** Defendant Sattar states that he used the following mobile phone number and email address to communicate regarding the transfers and/or sales of his membership interests in Ark: Hamid Sattar's mobile phone service through Verizon: (313) 207-1110 and Hamid Sattar's email address: sattarham@gmail.com.

9. For each Request for Admission you did not admit in its entirety, explain in detail the reason for denying the Request for Admission in whole or in part.

**RESPONSE:** See, Defendant Sattar's Objections and Responses to Plaintiff's First Request for Admissions to Hamid Sattar and Defendant Sattar's Objections and Responses to Plaintiff's First Set of Interrogatories and Document Requests. Pursuant to Fed.R.Bankr.P. 7033 and Fed.R.Civ.P 33(d), Defendant Sattar further refers to his forthcoming document

production upon entry of an appropriate Protective Order. Investigation continues.

## REQUESTS FOR PRODUCTION

1. All Documents referring to, relating to, and/or identifying any person and/or entity who received the proceeds of the $700,000 Transfer or an [sic].

**RESPONSE:** Defendant Sattar objects to this Document Request because it is overly broad, unduly burdensome, unreasonable, seeks irrelevant and immaterial documents, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents with respect to his receipt of the $346,666.58 that he received in connection with the Redemption Transactions, which comprised a portion of the so-called $700,000 Transfer referenced in the Complaint.

2. All operating agreements for Ark for any period of which you were a member or manager of Ark.

**RESPONSE:** Defendant Sattar objects to this Document Request because it is overly broad, unduly burdensome, unreasonable, seeks irrelevant and immaterial documents, and is not reasonably calculated to lead to the discovery of admissible evidence, including with respect to Defendant Sattar's initial formation, development and funding of Ark beginning in June 2012. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents. Investigation continues.

3. All Documents and Communications including drafts referring to or relating to, the $700,000 Transfer and/or the sale of your membership interest in Ark.

**RESPONSE:** Defendant Sattar objects to this Document Request to the extent that it seeks documents protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents regarding the so-called $700,000 Transfer referenced in the Complaint and his transfers and/or sales of his membership interests in Ark to James Grossi and/or 2210/305, Brian Tierney and/or his Trust, and Norm Kiminaia and/or his Trust.

4. All of Defendant's filed local, state and federal tax returns and any amendments for the reporting periods of 2020 through 2022.

**RESPONSE:** Defendant Sattar objects to this Document Request because it is overly broad, unduly burdensome, unreasonable, seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence.

5. All Documents including drafts of any business valuations or appraisals or asset valuations or appraisals of Ark or its assets for any period in 2019, 2020 and 2021.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents within his possession, custody and control, if any. Investigation continues.

6. All Documents including drafts of documents relating to the valuation of your membership interest in Ark related to the $700,000 Transfer.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents within his possession, custody and control, if any. Investigation continues.

7. All Documents including drafts of documents memorializing the transfer or sale of your membership interest in Ark to the Trusts, 2210/305, Tierney, Kiminaia or Grossi.

**RESPONSE:** Defendant Sattar objects to this Document Request to the extent that it seeks documents protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents within his possession, custody and control. Investigation continues.

8. All documents referred to or relied upon in any discovery request response in the Adversary Proceeding.

**RESPONSE:** Defendant Sattar objects to this Document Request because it is overly broad, unduly burdensome and unreasonable with respect to persons who contributed and/or assisted in connection with responding to discovery requests directed to other parties and/or non-parties in this Adversary Proceeding. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents as to the responses to Discovery Requests directed to him. Investigation continues.

9. All documents including all drafts of any of Ark's company records or communications you have retained or that are in your possession or control.

**RESPONSE:** Defendant Sattar objects to this Document Request because it is overly broad, unduly burdensome and unreasonable, including with respect to Defendant Sattar's initial formation, development and funding of Ark beginning in June 2012. Subject to and without waiving these objections, upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents within his possession, custody and control, if any. Investigation continues.

10. All documents that support your full or partial denial of any Request for Admission.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents within his possession, custody and control. Investigation continues.

11. All documents that support your Answer and Affirmative Defenses.

**RESPONSE:** Upon entry of an appropriate Protective Order, Defendant Sattar will produce copies of responsive documents within his possession, custody and control. Investigation continues.

Respectfully Submitted,

Saretsky Hart Michaels + Gould PC

By: /s/ Brian Witus
    Gary M. Saretsky (P31708)
    Brian Witus (P72394)
    Zachery Chuey (P83966)
    Saretsky Hart Michaels + Gould PC
    Attorneys for Defendant James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid Sattar
    995 South Eton
    Birmingham, Michigan 48009
    (248) 502-3300

Dated: May 16, 2024
    bwitus@saretsky.com

Zousmer, Law Group

By: /s/ Michael Zousmer
    Michael Zousmer (P47190)
    Attorneys for James Grossi, Brian Tierney, Nameer Kiminaia, and Hamid Sattar
    32255 Northwestern Hwy #225
    Farmington Hills, MI 48334
    (248) 851-4111

Dated: May 16, 2024
    michael@zlawplc.com

/s/ Hamid Sattar
Hamid Sattar
c/o Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, Michigan 48009
(313) 207-1110
sattarham@gmail.com