UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                    Case No. 23-43403-MLO
                                        Chapter 11
        Debtor.                         Hon. Maria L. Oxholm
_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,                      Adv. P. Case No. 23-04496-MLO

    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LCC, a Michigan limited liability
company,

        Defendants.
_____/

**STIPULATION FOR ENTRY OF AN ORDER REGRDING THE
DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Plaintiff, Jason W. Bank, Solely in his Capacity as Successor Trustee of the

1

Ark Laboratory Trust (the "<u>Successor Trustee</u>"), and Defendants, James A. Grossi, 2210/305, LLC, Brian Tierney, individually and as Trustee of the Tierney Family Trust Dated 12/21/2018, Nameer Kiminaia, individually and as Trustee of the Nameer Kiminaia Living Trust Dated 5/31/2019, the Tierney Family Trust Dated 12/21/2018 (the "<u>Tierney Trust</u>"), the Nameer Kiminaia Living Trust Dated 5/31/2019 (the "<u>Kiminaia Trust</u>"), Hamid Sattar, Ion Diagnostics, LLC, and Ion Marketing, LLC (collectively, the "<u>Defendants</u>" and together with the Successor Trustee, the "<u>Parties</u>" and each a "<u>Party</u>"), through their respective counsel, stipulate to entry of the *Stipulated Order Regarding Discovery of Electronically Stored Information*, attached as **Exhibit 1,** approve the *ESI Search Protocol Agreement* in the form attached as **Exhibit 2** and *ESI Production Protocol and Specifications* attached as **Exhibit 3** hereto.

**\*\*\*(SIGNATURES FOLLOW ON NEXT PAGE)\*\*\***

2

**APPROVED FOR ENTRY:**

Dated: July 9, 2024

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Judith Greenstone Miller*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

David H. Wallace
(Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH  44114-2302
(216) 241-2838
dwallace@taftlaw.com

*Counsel for Plaintiff Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*

**LEFKOWITZ LAW GROUP**

By: */s/Morris B. Lefkowtiz*
Morris B. Lefkowtiz (P31335)
29777 Telegraph Road, Ste. 2440
Southfield, MI 48034
248-559-0180
morrie@lefkowitzlawgroup.com

*Counsel for Defendant, 2210/305, LLC*

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com

**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
Zachary Chuey (P83966)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendants James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid  Sattar*

**RAYMOND J. SALLOUM PC**

By: */s/Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

*Counsel  for  Defendants,  Kiminaia Trust, Tierney Trust, Ion Diagnostics and Ion Marketing*

3

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                          Case No. 23-43403-MLO
                                              Chapter 11
          Debtor.                             Hon. Maria L. Oxholm

_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

          Plaintiff,                          Adv. P. Case No. 23-04496-MLO

     v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LCC, a Michigan limited liability
company,

          Defendants.

_____/

**STIPULATED ORDER REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

This matter came before the Court for consideration upon the *Stipulation for*

*Entry of an Order Regarding Discovery of Electroncally Stored Information* [ECF No.

__] ("Stipulation") pursuant to Federal Rule of Bankruptcy Procedure 7026 and

Federal Rule of Civil Procedure 26, for the production of Electronically Stored

Information ("ESI") according to this agreed order ("ESI Protocol Order"); the Court

having read same and finding good cause for the entry of an ESI Protocol Order, the

Court being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court ORDERS as follows:

## 1. SCOPE

1.1    The procedures and protocols outlined herein govern the search for,

review and production of ESI (as defined below) by a Party during the pendency of

the above-captioned Adversary Proceeding.

1.2    As used in this ESI Protocol Order, the terms "ESI" or "Electronically

Stored Information" mean discoverable documents and data existing in electronic

form including e-mail, word processing documents, spreadsheets, electronic slide

presentations, databases, and other reasonably accessible electronically stored

information relevant to the claims or defenses of any Party subject to discovery

pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil

Procedure 26.

## 2. IDENTIFICATION OF RESPONSIVE ESI.

2.1     Documents and ESI, which are neither privileged nor otherwise protected, shall be timely reviewed and produced in accordance with this ESI Protocol Order, the *ESI Search Protocol Agreement* attached as **Exhibit 2** and the *ESI Production Protocol and Specifications* attached as **Exhibit 3** to the Stipulation. After receiving requests for production of documents, the party making the production (the "Producing Party") shall conduct a reasonable and good faith search for responsive ESI.

2.2     Absent a further order of the Court, and subject to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26((b)(2)(B), a Producing Party shall not have an obligation to search or produce from sources of ESI that in good faith it identifies as not reasonably accessible because of undue burden or cost in accordance with Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(b)(2)(B). On a motion to compel discovery or for a protective order, the Responding Party must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, this Court may nonetheless order discovery from the Producing Party if the Requesting Party shows good cause, considering the limitations of Rule 26(b)(2)(C). This Court may specify conditions for the discovery.

2.3     **Search Terms.**  The Parties[1] shall apply the method of searching, and the words, terms, and phrases to be used to locate and identify potentially responsive ESI contained in Exhibit 2 to conduct the search.

2.4     **Custodians and Electronic Systems.**  The identities of the custodians set forth in the attached Exhibit 2 are the individuals whose email and other ESI will be searched, and any other electronic systems that will be searched. Any further custodians shall be identified and searched only if the Party requesting the discovery ("Requesting Party") identifies why searches of additional custodians are necessary and would not be largely duplicative.

2.5     **Technology Assisted Review.**  The Parties may meet and confer regarding the propriety of using a technology assisted review platform to identify potentially relevant documents and ESI in lieu of, in addition to, or in conjunction with identifying responsive ESI using the search terms and custodians/electronic systems as described in Sections 2.3 and 2.4 above.

2.6     **Date Range.**  Absent a further order of the Court, the Parties agree to date range set forth in Exhibit 2. To the extent that any Party wants to search dates outside of the agreed date range, the Parties shall meet and confer regarding the appropriate date range for searching sources of ESI.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed in the Stipulation unless otherwise stated to the contrary herein.

2.7     **System Files.**  Common system and program files as defined by the NIST library (which is commonly used by discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed or produced.  The Parties shall meet and confer on any additional file types that also need not be processed, reviewed, or produced.

## 3.  PRODUCTION OF ESI

3.1     <u>**Production Formats & Metadata.**</u>  The Defendants agree to produce ESI as Production Format according to the format specified in Exhibit 3 and Plaintiff agrees to produce responsive ESI  to Defendants in  PDF format. To the extent production of specific documents or ESI in the format described in Exhibit 3 would be impractical or unduly burdensome, the Parties will meet and confer in good faith to attempt to agree on an acceptable format for production pursuant to Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34(b)(2)(E).

3.1.1     <u>**Embedded Objects.**</u>  Embedded objects or files such as Excel spreadsheets, Word documents, or audio and video files, shall be extracted and searched consistent with its category of ESI.  Non-substantive embedded files, such as logos, need not be extracted.  All embedded files produced under this procedure shall be produced subject to the same requirements set forth in this Protocol.  For production purposes, embedded files shall be identified as

9

attachments to the parent document in which the file was embedded, and load files for such embedded files shall refer to the parent document in which the file was embedded.

    3.1.2    **Appearance.** Each document's electronic image shall convey the same information and image as the original document except for redactions for any privilege, which shall be designated on the image and logged, or for the confidential or identifying information. Documents shall appear with any revisions and/or comments visible and printed. Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer in an attempt to resolve the problems.

    3.1.3    **Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file of the Producing Party or shall be documented in a load file or otherwise electronically tracked.

    3.1.4    **Color.** Documents containing color need not be produced in color in the first instance, unless production of such documents in grayscale or black and white would unreasonably obscure text or images. However, if good cause exists, the Requesting Party may request production of such documents in color by providing (1) a list of the Bates numbers of documents requested to be produced in color format; and (2) an explanation of the need

for production in color format. The Producing Party shall not unreasonably deny such requests if the Requesting Party has demonstrated good cause, but need not make such production until the Parties reach agreement regarding apportionment of any additional costs associated with the production of documents in color or, in the absence of such agreement, until ordered to do so by the Court.

3.1.5 **Exception Files**. Files that cannot be produced or imaged due to technical difficulties shall be identified as exception files and identified on a log listing the file's name, custodian, and reason for the exception. Common exception files include, without limitation, corruption, password protection, digital rights management, or proprietary software associated to the file.

3.2 **Email Threading.** To limit the volume of duplicative content produced from email threads, the Parties may utilize email-threading analytics software to exclude duplicative or "non-inclusive" content wholly contained within later-in-time or "inclusive" email threads), provided that the Producing Party treats all emails that have unique substantive content (including attachments) as inclusive emails that will not be excluded from production.

3.3 **Production Media.** The Producing Party shall produce documents via upload to secure FTP site or on DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media

as the Parties may hereafter agree upon (the "Production Media").  Each piece of Production Media shall be preceded/labeled with (1) the name of the Party making the production, (2) the date of the production, (3) text referencing that it was produced in the title of this case; (4) the Bates Number range of the materials contained on the Production Media; and (5) any confidentiality designation(s) consistent with the terms of any Protective Order entered in this matter.   To maximize the security of information in transit, any Production Media may be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party, under separate cover, contemporaneously with sending the encrypted media.

3.4 **Duplicate Production Not Required.**  ESI files need only be produced once.  The Producing Party will apply global deduplication to responsive ESI based on MD5 Hash values or an equivalent deduplication key.  Email will be deduplicated by family, not on an individual basis.   Additionally, to the extent reasonably accessible, all custodians of removed duplicates will be listed in an "All Custodians" field and identified by full name of the individual or departmental custodian.  Stand-alone documents may be deduplicated against email attachments provided that the email attachment is the duplicate that is produced and the custodian(s) of the removed duplicate(s) are entered into the All Custodian field.

3.5    **Inadvertent Disclosure.** If a Producing Party inadvertently produces a document that would otherwise be protected under the attorney-client privilege and/or work product doctrine, such production shall not be considered a waiver of any privilege and/or work product doctrine provided the Producing Party notifies the Receiving Party that such production was inadvertent and reasonably timely after discovery of such inadvertent production. Upon such notification, the Receiving Party shall return and/or destroy all copies of the subject documents. This ESI Protocol Order shall be interpreted to provide the maximum protection allowed by Federal law.

3.6    **Privilege Logs.** A Party withholding documents based on one or more claims of privilege will produce a privilege log at the time of the production of non-privileged documents. There will be no obligation to produce privilege logs identifying attorney-client communications with outside counsel concerning case strategy or the course of litigation that occur following the commencement of this lawsuit, including the efforts to locate and collect documents and ESI in response to a discovery request in this matter. Nothing in this paragraph precludes depositions or discovery concerning the availability of data and custodians.

## 4.  MISCELLANEOUS PROVISIONS

4.1    If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the Parties shall meet and confer to agree on a

reasonable, alternative form of production. Any of the Parties may file a motion with the Court to seek individual relief from this ESI Protocol Order.

4.2 Each Party shall presumptively pay their costs for production of ESI sought by another Party; provided, however, each Party reserves the right to seek to reallocate the costs associated with production of ESI upon a motion filed pursuant to Fed.R.Bankr.P. 9014 showing that the proposed costs are not proportional to the needs of the case after considering the importance of the issues and the amount at stake in the action relative to the Parties' resources and the burden or expense of the proposed ESI outweighs its likely benefit, consistent with Fed.R.Civ.P.26(b)(1) and Fed.R.Bankr.P. 7026.

4.3 Nothing in this ESI Protocol Order or shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the appropriate time.

4.4 Nothing in this ESI Protocol Order is intended to or shall serve to limit any Parties' right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

4.5 The Parties may agree to modify or waive the terms of this ESI Protocol Order in writing signed by counsel for the affected Parties, subject to Court approval.

14

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,

Debtor.

_____/

Case No. 23-43403-MLO
Chapter 11
Hon. Maria L. Oxholm

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

             Plaintiff,

   v.

Adv. P. Case No. 23-04496-MLO

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LCC, a Michigan limited liability
company,

             Defendants.

_____/

## **ESI SEARCH PROTOCOL AGREEMENT**

Plaintiff, Jason W. Bank, Solely in his Capacity as Successor Trustee of the

Ark Laboratory Trust (the "Successor Trustee"), and Defendants, James A. Grossi, 2210/305, LLC, Brian Tierney, individually and as Trustee of the Tierney Family Trust Dated 12/21/2018, Nameer Kiminaia, individually and as Trustee of the Nameer Kiminaia Living Trust Dated 5/31/2019, the Tierney Family Trust Dated 12/21/2018 (the "Tierney Trust"), the Nameer Kiminaia Living Trust Dated 5/31/2019 (the "Kiminaia Trust"), Hamid Sattar, Ion Diagnostics, LLC, and Ion Marketing, LLC (collectively, the "Defendants" and together with the Successor Trustee, the "Parties" and each a "Party"), the Parties, through their respective counsel, agree to the following search protocol:

I.      Production of ESI

The Parties shall produce ESI in accordance with the Stipulated Order Regarding Discovery of Electronically Stored Information, including Section 3.1 thereof.

II.     Custodians

a. Plaintiff shall conduct an electronic search of the following current and former file custodians of the Debtor including email account records and files (the "Plaintiff Custodian Files"), as well as the Debtor's cloud storage, computers, servers, and other electronic storages devices to the extent available to the Parties:

i. Brian Tierney (btierney@helixmdx.com);

ii. James Grossi (jgrossi@helixmdx.com);

iii. Karl LaPeer (klapeer@helixmdx.com);

iv. Luis Perez (lperex@helixmdx.com);

v. Norman Kiminaia (nkiminais@helixmdx.com); and

vi. Rachel Brown (rbrown@helixmdx.com)

b. Defendants shall conduct an electronic search of the files of the following custodians (the "Defendant Custodian Files"):

1. James A. Grossi, individually and on behalf of Defendant 2210/305, LLC;

2. Hamid Sattar (sattarham@gmail.com);

3. Brian Tierney, individually and on behalf of Defendants, the Tierney Family Trust Dated 12/21/2018, Ion Diagnostics, LLC, and Ion Marketing, LLC (26briantierney@gmail.com, btierney@iondiagnostic.com, and btierney@ionmdx.com);

4. Nameer Kiminaia, individually and on behalf of Defendants, the Kiminaia Living Trust Dated 5/31/2019, Ion Diagnostics, LLC, and Ion Marketing, LLC (nkiminaia@gmail.com, nkiminaia@iondiagnostic.com, and nkiminaia@ionmdx.com);

III.    Time Periods

The date range for Plaintiff's ESI searches shall be from January 1, 2015 through the present.

The date ranges for Defendants' ESI searches shall be as follows:

> Sattar – January 1, 2015 through April 12, 2023;
> Grossi – January 1, 2019 through December 31, 2023;
> Tierney - January 1, 2019 through April 12, 2023; and
> Kiminaia - January 1, 2019 through April 12, 2023.

IV.    Search Terms

a. Following collection of ESI, at the time of Plaintiff's and Defendants' review of ESI, Plaintiff shall conduct a search of the Plaintiff Custodian Files and Defendants shall conduct a search of Defendant Custodian Files using the following search terms (search terms containing the word "and" shall be within 5 words of each other):

b.

Helix

Helix and Diagnostics

Ark and Laboratory

Ark and Lab

Redemption

MIRA

BeaconView

CIM

Confidential information memorandum

Membership valuation

Ark and valuation

Helix and valuation

Peninsula

Comerica

Redemption and Financing

$14,000,000

14,000,000

$14 million

$7,000,000

7,000,000

$7 million

7 million

Seven million

Fourteen million

Fourteen million dollars

PPP

PPP and escrow

PPP and forgiveness

$225,000

225,000

$225K

225K

$1 million

One million dollars

One million

Pistons

Pistons and suite

Pistons and ste

FCA

Charter and plane

Private and plane

Bill of Sale

Ark and Term Sheet

Helix and Term Sheet

Redemption and Term Sheet

Membership and assignment

Loans

Capital Contributions

Forgive

Forgiveness

Forbearance

Huntington

AUXO Investment Partners

AUXO MSU Labs

AUXO MSU Health Labs

MSU Health Labs

The Parties agree to negotiate in good faith if revisions to the above date range and search terms/phrases are necessary after collection of custodians and running of search term reports ("STRs"), including, for example, if any of the foregoing search terms/phrases return an excessively voluminous number of hits ("Hit Counts") or if any the foregoing search terms/phrases generate a meaningful number of "false hits." The Parties agree to bear their own production costs subject to Paragraphs 3.1 and 4.2 of the ESI Protocol Order provided that Plaintiff and Defendants each submit revised search terms/phrases within five (5) days of the date that the STRs and any revised STRs are produced by the producing party and

Plaintiff and Defendants submit no more than two revisions to search terms/phrases that are reasonably contemplated to reduce the Hit Counts on particular search terms/phrase.

**\*\*\*(SIGNATURES ON FOLLOWING PAGE)\*\*\***

**AGREED:**

Dated: July 9, 2024

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Judith Greenstone Miller*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

David H. Wallace
(Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838
dwallace@taftlaw.com

*Counsel for Plaintiff Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*

**LEFKOWITZ LAW GROUP**

By: /s/*Morris B. Lefkowtiz*
Morris B. Lefkowtiz (P31335)
29777 Telegraph Road, Ste. 2440
Southfield, MI 48034
248-559-0180
morrie@lefkowitzlawgroup.com

*Counsel for Defendant, 2210/305, LLC*

**ZOUSMER LAW GROUP PLC**

By: */s/ Michael I. Zousmer*
Michael I. Zousmer (P47190)
4190 Telegraph Road, Suite 3000
Bloomfield Hills, Michigan 48302
(248) 351-0099
michael@zlawplc.com

**SARETSKY HART MICHAELS + GOULD PC**

By: */s/ Brian Witus*
Gary M. Saretsky (P31708)
Brian Witus (P53062)
Zachary Chuey (P83966)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
bwitus@saretsky.com

*Co-Counsel for Defendants James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid Sattar*

**RAYMOND J. SALLOUM PC**

By: /s/*Raymond Salloum*
Raymond J. Salloum (P36852)
40700 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net
*Counsel for Defendants, Kiminaia Trust, Tierney Trust, Ion Diagnostics and Ion Marketing*

24

# **EXHIBIT 3**

# ESI Production Protocol and Specifications

Electronically Stored Information (ESI) shall be produced as follows:

Platform
Taft Law uses Relativity and the specifications should conform as described below.

Document Identifier
Each document should have a Prefix and unique and sequential document number to assist in the organization of documents (e.g. ABC000001, ABC000002, etc.) and attachments must immediately follow an email.

Load Files
- OPT – Taft Law requests a standard delimited data load file (.OPT) load file for all images (when images are required to be produced).

- DAT – Taft Law requests a standard load file (.DAT) for metadata using the delimiters, found in Appendix A below.

Images
- Should the production format require images, we request images be provided in their native palette, (color stays color; black and white stays black and white) for all emails, email attachments and loose files in the production, with notes, comments, track changes, hidden data, etc. turned on.

- The name of the single page image files should reflect its corresponding Bates number(e.g. ABC_00000001.tif, ABC_00000002.jpg, etc.)

- Image Formats
  Black/White - Single-page Group IV TIFF images
  Color - Single page JPG images

- Any exceptions to imaging can be found in the Native File Production section below.

Endorsements
Each page should include branded sequential document production (Bates)

numbers on the lower right corner.  Confidential designations are to be branded on the lower left corner and redactions will be applied (if necessary).

Native File Production
For email attachments and loose files, as part of the production:

- Due to the cost or inability of image conversion and the formatting issues commonlyencountered with converting the following file types to image format, only native files, rather than images, shall be produced for the following data types,:

  - Microsoft Excel$^®$ documents
  - Computer Aided Drafting (CAD) files
  - Microsoft Access$^®$ databases
  - Sound and music files (.mp3, .wav, .ram, .ra, .mid, etc.)
  - Video files (.3g2 .3gp .asf, .asx, .avi, .flv, .mov, .mp4, .mpg, .rm, .swf, .vob, .wmv, .etc)

- The name of the native file should reflect its corresponding Bates number (e.g. ABC000001.msg, ABC000002.xls, etc.)

Image Placeholder For Native Files
For image-based productions where any of the non-image format file types from section 6. are being produced, please insert a one page Bates stamped image placeholder for the native file stating that the file was produced in native format.

Deduplication
All email, email attachments and loose files should be de-duplicated across custodians (globally) to eliminate duplicative content.  However, all custodian receiving the same email shall be identified in the metadata fields included in the .DAT file.

Email Threading
Producing parties shall employ email threading.

Email Attachments
All attachments associated with an e-mail shall be produced. When processing e-mail with attachments, relationships between e-mails and their attachments must be maintained.

27

Extracted Text/OCR Files

- Each file should have a corresponding native extracted text file or OCR text file atthe document level for those file types that do not natively have text (such as image based PDFs).

- If a document contains no text, a text file should still be provided. That file can be blank or may contain placeholder language (e.g. "No text available.").

- The name of the document level text files should reflect its corresponding Bates number (e.g. ABC000001.txt, ABC000002.txt, etc.).

Metadata

Parties will exchange the metadata fields identified to be produced in Appendix B in a .DAT file including production related fields and corresponding metadata.

Structured Data Systems

For ESI created within structured data systems (such as accounting or proprietary systems) each Party will identify the relevant systems and the related content which exists in those systems. The Parties can then agree on appropriate production formats for those data sources.

Embedded Files

Embedded emails and files are to be fully extracted, and the appropriate parent-childrelationship must be maintained. Examples of embedded files include the following:

- ZIP files and other compressed file formats;
- Embedded PDF file formats;
- Embedded emails that exist as an attachment to an email.

File Exchange

Taft Law prefers that the production be made electronically either directly to its vendor or through a secure file share site.

## Appendix A

| Delimiter Description | ASCII Symbol | ASCII Number |
|---|---|---|
| Field Separator | ¶ | 22 |
| Quote Character | þ | 254 |
| Multi-entry | ; | 59 |
| <Return> Value/New Line | ® | 174 |

## Appendix B

| Field | Description |
|---|---|
| **ProdBegBates** | Beginning bates number |
| **ProdEndBates** | Ending bates number |
| **BegAttach** | Begin Number of the Attachment Range |
| **EndAttach** | End Number of the Attachment Range |
| **TAG - Confidentiality** | Confidential Designation of the record |
| **Redacted** | Document has redactions |
| **Application** | Native application identified for the file type |
| **Document Type** | Type of file, usually an "E-FILE" or Outlook type (e.g. "Mail", "Calendar", etc) |
| **Custodian** | Name of the custodian |
| **All Custodians** | Custodians for globally de-duped documents. Custodian Name separated by a semicolon for multiple values (ex. John Doe; Mary Jane; Sam Jones ). |
| **From** | Email address of the sender of a message |
| **Sent To** | The recipients in the "To" field of an email message |
| **CC** | The recipients in the "CC" field of an email message |
| **BCC** | The recipients in the "BCC" field of an email message |
| **Date Sent** | Sent date from an email message |
| **Time Sent** | Sent time from an email message |
| **Date Created** | Created date for edocs documents |
| **Time Created** | Created time for edocs documents |
| **Subject** | Subject of an email message |
| **Filename** | Name of the document |
| **Unified Title/File Name (if available)** | Combination of Email Subject for Emails and File Name for attachments or loose files. |
| **Sort/Master Date/Time (or equivalent)** | Email Date/Time & is applied to children documents for sorting purposes. |
| **Title** | Title of an edocs document (Located in the setting for the document) |
| **App Created Date** | Created date, from edocs metadata |

133760521v3

| Field | Description |
|---|---|
| **App Created Time** | Created time, from edocs metadata |
| **App Modified Date** | Modified date, from edocs metadata |
| **App Modified Time** | Modified time, from edocs metadata |
| **Meta Author** | Author of an edocs document |
| **Extension** | The detected file extensions of the document |
| **NativefilePath** | Relative link to Native file |
| **TextFilePath** | Relative link to doc-level text file |
| **MD5HASH** | MD5HASH of electronic loose files or attachments |