UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,　　　　　　　　　　Case No. 23-43403-MLO
　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　Debtor.　　　　　　　　　　　　　　Hon. Maria L. Oxholm
_____/

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

　　　Plaintiff,　　　　　　　　　　　　Adv. P. Case No. 23-04496-MLO

　v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LCC, a Michigan limited liability
company,

　　　Defendants.
_____/

## STIPULATED CONSENT JUDGMENT

This matter came before the Court for consideration upon the *Stipulation for Entry of Stipulated Consent Judgment* [ECF No. 182] ("Stipulation"); the Court

having read same and being otherwise fully and duly advised in the premises;

NOW, THEREFORE, the Court FINDS, ORDERS, ADJUDGES AND DECREES as follows:

1. Plaintiff filed a complaint (the "Complaint") [ECF No. 1] on December 22, 2023, thereby commencing this Adversary Proceeding against various parties, including Defendant 2210/305 LLC ("2210/305").

2. Plaintiff alleged the following counts in the Complaint against 2210/305:

A. Count III, for aiding and abetting breaches of the fiduciary duties of care and loyalty by Defendants James A. Grossi ("Grossi"), Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia") and Hamid Sattar ("Sattar") pursuant to 11 U.S.C. § 544 and applicable Michigan Common Law;

B. Count VI, for avoidance of voidable transactions pursuant to 11 U.S.C. § 544(b) and M.C.L. 566.34(1)(a) for avoidance of the of each of the Redemption Transfers,[1] the $1 Million Transfers and the $225,000 Transfers;

C. Count XI, for avoidance of preferential transfers to insiders pursuant to 11 U.S.C. § 547(b) for the One-Year Transfers identified on Exhibit A attached to the Complaint in the aggregate amount of $603,282.16;

D. Count XII, for avoidance of fraudulent transfers pursuant to 11

---

[1] Capitalized terms contained herein shall have the meanings ascribed to them in the Complaint unless otherwise stated to the contrary herein.

U.S.C. § 548(a)(1)(A) for the Two-Year Transfers identified on Exhibit B attached to the Complaint in the aggregate amount of $2,165,003.95;

E. Count XIII, for avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B) for the Two-Year Transfers identified on Exhibit B attached to the Complaint in the aggregate amount of $2,165,003.95.

F. Count IV, for avoidance of Post-Petition Transfers pursuant to 11 U.S.C. § 549(a) identified on Exhibit C attached to the Complaint in the aggregate amount of $38,131.14;

G. Count XV, for avoidance of voidable transactions pursuant to 11 U.S.C. § 544(b) and M.C.L. 566.34(1)(a) for the Six-Year Transfers identified in Exhibit D attached to the Complaint in the aggregate amount of $1,192,000.00;

H. Count XVI, for avoidance of voidable transactions pursuant to 11 U.S.C. § 544(b) and M.C.L. 566.34(1)(b) for the Six-Year Transfers identified in Exhibit D attached to the Complaint in the aggregate amount of $1,192,000.00; and

I. Count XVII, for avoidance of voidable fraudulent transactions pursuant to 11 U.S.C. § 544(b) and M.C.L. 566.35(2) for transfers that were made upon antecedent debt to insiders in the amount of $1,192,000.00; and

J. Count XIX, for recovery of the Redemption Transfers, the One-

Year Transfers, the Post-Petition Transfers, the Two-Year Transfers and the Six-Year Transfers pursuant to 11 U.S.C. §§ 550(a)(1) and (2) identified in Exhibit E attached to the Complaint;

(collectively, the "Counts").

3. Notwithstanding its Answer and Affirmative Defenses filed to the Complaint [ECF No. 56], 2210/305 no longer contests the allegations made by Plaintiff in the Counts contained in the Complaint and agrees to entry of a judgment against it for each of the Counts set forth above.

4. Accordingly, judgment shall be, and hereby is, entered in favor of Plaintiff and against Defendant 2210/305 in the total amount of $70,426,541.25[2] plus interest that has accrued since the filing of the Complaint in the amount of $2,099,121.91 for a total sum of $72,525,663.10 (the "Judgment Amount"). The Judgment Amount shall accrue interest at the rate of 5.359 percent (5.359%) per annum. Additionally, Plaintiff shall be entitled to payment of all attorneys' fees and costs incurred in the enforcement and collection of this Stipulated Consent Judgment and in any bankruptcy proceeding related to 2210/305.

5. This Consent Judgment is granted without prejudice to Plaintiff's

---

[2] The Complaint sought judgment in an amount in excess of $72 million based on total amount of claims on the Debtor's Claims Register as of the date the Complaint was filed, as of the date of this Consent Judgment, the total amount of claims on the Debtor's Claims Register has been reduced to $70,426,541.25.

claims against the remaining Defendants pursuant to the Counts described herein and is without prejudice to Plaintiff's claims pursuant to other counts of the Complaint not applicable to 2210/305.

6. Notwithstanding the entry of this Stipulated Consent Judgment, 2210/305 shall have the continuing obligation to cooperate in discovery promulgated by Plaintiff without the necessity of Plaintiff serving 2210/305 a subpoena.

7. Within 14 days of the entry of this Stipulated Consent Judgment, 2210/305 shall provide Plaintiff with a current financial statement, including a balance sheet, income statement and a listing of all of its assets, certified by the member of 2210/305 as being true and accurate. In addition, to the extent that Plaintiff desires to take a creditors' exam of 2210/305, 2210/305 shall submit to such examination upon reasonable advance notice from Plaintiff without a need to obtain an order or to issue a subpoena.

**Signed on July 11, 2024**



/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**