SARETSKY HART MICHAELS + GOULD PC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case: 23-43403-MLO
   Chapter 11
ARK LABORATORY, LLC,   Hon. Maria L. Oxholm

    Debtor
_____/

JASON W. BANK, solely in his   Adv. P. Case No. 23-04496-MLO
capacity as Liquidating Trustee
of the Ark Laboratory Trust,

    Plaintiff,

v

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
company, BRIAN TIERNEY, Individually
and as Trustee of the TIERNEY FAMILY
TRUST DATED 12/21/2018, NAMEER
KIMINAIA, Individually and as Trustee of
the NAMEER KIMINAIA LIVING TRUST
DATED 5/31/2019, HAMID SATTAR, ION
DIAGNOSTIC, LLC, a Michigan limited
liability company, and ION MARKETING,
LLC, a Michigan limited liability company,

    Defendants.
_____

## THE INDIVIDUAL DEFENDANTS' COMBINED CORRECTED AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS



1

Individual Defendants James A. Grossi ("Grossi"), Brian Tierney ("Tierney"), Nameer Kiminaia ("Kiminaia") and Hamid Sattar ("Sattar") (collectively the "Individual Defendants"), through their attorneys, Zousmer Law Group PLC and Saretsky Hart Michaels + Gould PC, submit their Combined Corrected Amended and Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories and Document Requests ("Supplemental Responses"), and state as follows:

## PRELIMINARY STATEMENTS

The Individual Defendants' Supplemental Responses are based upon currently available information and documents within their possession, custody and control. Significantly, the Individual Defendants are not in possession, custody and/or control of Ark Laboratory, LLC ("Ark") emails, ESI and/or other documents, which contain information germane and/or responsive to Plaintiff's Interrogatories and Document Requests ("Discovery Requests"), including as to the Individual Defendants' identification of underlying Ark documents and activities and their recollections regarding same. Accordingly, the Individual Defendants reserve the right to amend and/or supplement their responses to Plaintiff's Discovery Requests following review of emails, ESI and/or other documents in the possession, custody and control of Plaintiff. The Individual Defendants further reallege their objections to Plaintiff's Discovery Requests at

issue as if fully restated herein. The Individual Defendants further state that they have produced all documents within their immediate possession, custody and control, except for emails and ESI, which are the subject of ongoing discussions among counsel for Plaintiff and Defendants.

## INTERROGATORIES

Interrogatory No. 2 (Sattar) and Interrogatory No. 3 (Grossi, Tierney and Kiminaia) (documents relied upon in connection with Answers, Affirmative Defenses, and Discovery Responses):

**RESPONSE:** Sattar generally relied upon the emails and other documents in his production (Sattar 00001-00652), and, specifically, Operating Agreements, Letters of Intent and Agreements regarding the sale of his membership interests to Grossi, Tierney and Kiminaia, the Post Purchase Acknowledgements Agreements, payoff letters, checks and emails regarding the same. Grossi, Tierney and Kiminaia generally relied upon the documents they were able to retrieve and produce (Grossi 00001-1673; Tierney 00001-004900; and Kiminaia 00001-001275), and, specifically, the Membership Interest Redemption Agreement and Exhibits thereto, the Settlement Agreement in the matter of *The Tierney Family Trust and the Kiminaia Family Trust v. Ark Laboratory, LLC and James Grossi*, Oakland County Circuit Court Case No. 22-192334-CB, Norm Kiminaia's handwritten accounting and financial ledgers, Brian Tierney's handwritten ledger and copies of checks from Ark's and/or Helix's regarding installment payments, Ark corporate and financial and accounting documents.

Interrogatory No. 4 (factual bases for Affirmative Defenses):

**RESPONSE:** The Individual Defendants reference their respective document productions, which contain information regarding their Affirmative Defenses (Sattar 00001-00652; Grossi 00001-1673; Tierney 00001-004900;



and Kiminaia 00001-001275). Individual Defendants further state the factual basis for their Affirmative Defenses are as follows:

Affirmative Defenses Nos. 1 and 3: Individual Defendants state that Plaintiff has failed to plead its fraud, misrepresentation and omission claims with particularity. The Individual Defendants expressly deny all allegations of fraud, misrepresentations and/or omissions. Individual Defendants further maintain that Plaintiff cannot meet its burdens of proof and persuasion with respect to the fraud, misrepresentation and/or omission allegations and claims. The Individual Defendants also reference Ark's business, financial, accounting and/or tax records, including those provided to BeaconView Advisors, Comerica Bank and Peninsula Capital Partners, as well as the contemporaneous, objective and independent funding analyses, decisions and disbursements made by Comerica Bank and Peninsula Capital Partners in connection with the Redemption Transactions. The Individual Defendants also rely upon the Membership Interest Redemption Agreement and Exhibits thereto, including the Consent Resolutions and Solvency Certificates. Investigation continues.

Affirmative Defense No. 2: Individual Defendants assert Affirmative Defenses based upon res judicata, estoppel, waiver, release, preclusion and/or laches. These Affirmative Defenses are based, in part, upon the Settlement Agreement in the matter of *The Tierney Family Trust and the Kiminaia Family Trust v. Ark Laboratory, LLC and James Grossi*, Oakland County Circuit Court Case No. 22-192334-CB, which includes Ark's (and Grossi's) irrevocable and full release of all claims against Tierney and his Trust, Kiminaia and his Trust, and Ion Diagnostics, and, pursuant to which, Counts I-V of the Complaint should be dismissed. These Affirmative Defenses are also based upon the PPP loan escrow checks from Tierney (Lake Michigan Credit Union) and Kiminaia (Chase Bank) payable to Ark and/or Helix in the amounts of $225,000 each. These Affirmative Defenses are also based upon Comerica Bank's and Peninsula Capital Partners' contemporaneous, objective, and independent funding analyses, decisions and disbursements in connection with the Redemption Transactions, including their due diligence and investigation and their post-Redemption Transaction involvement with Ark's business activities. The Individual Defendants further refer to the Membership Interest Redemption Agreement and Exhibits. The Individual Defendants also maintain that the Debtor and/or Liquidating Trustee failed to preserve the claims asserted in this Adversary Proceeding, including as set forth in Ark's Combined Disclosure Statement and Plan on Liquidation and Exhibit B thereto, as well as Ark's First Amended Plan of Liquidation and Ark's Second Plan of Liquidation [Docket Nos.

303, 365 and 384]. Based upon *res judicata* principles, the entire Adversary Complaint should be dismissed. Investigation continues.

Affirmative Defense No. 4: The Individual Defendants state that the Liquidating Trustee does not manage Ark. Upon information and belief, the successor entity to Ark is AUXO Investment Partners, AUXO MSU Labs, AUXO MSU Healthcare Labs, and/or MSU Healthcare Labs. Investigation continues.

Affirmative Defense No. 5: The Individual Defendants maintain that the Liquidating Trustee has failed to join all necessary parties, including BeaconView Advisors, Comerica Bank, Peninsula Capital Partners and Auxo Investment Partners. Upon information and belief, those entities committed acts and/or omissions in connection with the Redemption Transactions and thereafter, including in connection with directing Ark's activities. Investigation continues.

Affirmative Defense No. 6: Individual Defendants reserve the right to assert other Affirmative Defenses based upon further investigation and discovery, in part, because they do not have access to Ark emails, ESI and other documents, which are in the possession, custody and control of the Liquidating Trustee and/or the successor entities of Ark. Investigation continues.

Affirmative Defense Nos. 7 and 10: The Individual Defendants state that the Redemption Transactions resulted in Ark paying and/or receiving reasonable equivalent value, which did not result in Ark becoming insolvent and/or with unreasonably small capital. Ark made these reasonable and good faith determinations through Grossi, Tierney, and Kiminaia, including as evidenced by corresponding Consent Resolutions and Solvency Certificates in connection with the Membership Interest Redemption Agreement and the Redemption Transactions. The Individual Defendants further state that Comerica Bank and Peninsula Capital Partners conducted contemporaneous, objective and independent due diligence and investigation regarding the proposed Redemption Transactions and their associated funding analyses, decisions and disbursements. Furthermore, the amount and/or percentage of Ark's lending from Comerica Bank and Peninsula Capital Partners relative to Ark's revenues was consistent with the amounts and/or percentages for the acquisitions of other laboratories at the time Comerica Bank and Peninsula Capital Partners approved and funded the Redemption Transactions, as well as Ark's ongoing Post-Redemption Transaction business operations, which were based upon

Ark's historical performance, trends, estimates, pro formas, and cash flow projections. Investigation continues.

 Affirmative Defenses Nos. 8 and 9: The Individual Defendants maintain that the Liquidating Trustee failed to preserve its claims set forth in the Adversary Complaint for the reasons stated above, and thus the Liquidating Trustee does not have standing to assert the pending claims. The Individual Defendants further state that the state law claims in the Adversary Complaint are barred by the applicable three (3) year statute of limitations for claims against managers of limited liability companies and/or two (2) years from discovery. For its part, Ark, through its agents, had actual knowledge of the alleged breaches of fiduciary duties related to the Redemption Transactions at the time they occurred on or about December 31, 2020. The Liquidating Trustee failed to initiate the claims in the Adversary Complaint within two (2) years of December 31, 2020, or by December 31, 2022, but the Liquidating Trustee did not file the Adversary Complaint until December 22, 2023, almost a full year after expiration of MCL §450.4404(6)'s 2-year statute of limitations. Accordingly, Counts I-V should be dismissed as time-barred. Investigation continues.

 Affirmative Defense No. 11: The Individual Defendants state that Plaintiff's claims were caused, occasioned and/or contributed by the acts and/or omissions of BeaconView Advisors, Comerica Bank, Peninsula Capital Partners, and AUXO Investment Partners, as set forth above. The Individual Defendants further state that Ark generally experienced solid performance after the Redemption Transactions, consistent with the pro formas and cash flow projections and in accordance with the terms of its lending relationships with Comerica Bank and Peninsula Capital Partners for a significant period of time following the Redemption Transactions, as set forth in the financial and/or accounting documents generated by and/or exchanged between and among Ark, Comerica Bank and Peninsula Capital Partners. However, the Individual Defendants maintain that subsequent intervening acts and occurrences transpired that adversely impacted Ark's financial standing and performance, including as to activities directed by Comerica Bank and/or Peninsula Capital Partners, and as set forth in Grossi's testimony in Ark's Bankruptcy Proceedings. Ark experienced significant increases in its expenses as a result of supply chain shortages associated with Covid. Although Ark dramatically expanded its workforce during the course of the Covid pandemic, Ark's ability to downsize its workforce was constrained by federal law as testing associated with Covid diminished, which eliminated corresponding revenues while salaries for its workforce persisted. Medicare also changed its interpretation and

analysis of its coverage and reimbursement protocols and amounts, which had a direct and dramatic adverse impact upon Ark's revenues for toxicology testing, in an approximate loss of $1 million in monthly revenues. Comerica Bank and/or Peninsula Capital Partners also directed that Ark switch billing companies (Ark switched billing companies to Coronis), which resulted in an approximate loss of $1.1 million per month. Ark also contracted with a group from Chicago to further diversify and expand Ark's blood and molecular testing operations and revenues, but Ark subsequently discovered that the Chicago group was bound by restrictive covenants that were not previously dislosed. Ark was further adversely impacted by a *Qui Tam* lawsuit, which effectively precluded any further lending relationships, workout and/or restructuring, and/or sales of Ark. Investigation continues.

Interrogatory No. 10. The Individual Defendants are not in possession, custody and/or control of Ark's financial records, including as to payments and/or transfers to and/or from Ark. For his part, Defendant Tierney received the payments identified in his handwritten ledgers and set forth in copies of checks from Ark/Helix (Tierney 004794-4801). For their part the Tierney Trust and the Kiminaia Trust each received $7 million in connection with the closing of the Redemption Transactions, as well as certain payments from Ark/Helix pursuant to their Promissory Notes due and owing from Ark pursuant to the Redemption Transactions. The Tierney Trust deposited these funds into his bank account at 5/3 Bank. Kiminaia deposited these funds into his bank account with Chase Bank. Sattar also received checks from Ark as set forth in Sattar 00643-00647. Further, Grossi, Tierney and Kiminaia received payments and/or transfers from Ark throughout their respective tenures as members and/or managers of Ark. For his part, Grossi deposited his payments and/or transfers into his bank account with Dort Federal Credit Union. Investigation continues.

Interrogatory No. 11. Payments and/or transfers from Ark were deposited in the following accounts:

Sattar – Chase Bank
Grossi – Dort Federal Credit Union
Tierney – 5/3 Bank
Kiminaia – Chase Bank

Investigation continues as to the specific dates and amounts of each payment, and/or transfer to and/or from Ark and the Individual Defendants.

Interrogatory No. 17: The Individual Defendants state that in connection with the Redemption Purchase Price, Grossi, Tierney and Kiminaia generally relied upon Ark's bank account statements, balance sheets, accounts, clients, revenue trends, cash flow, and Ark corporate documents from the relevant time period of roughly 2018 through 2020, as well as Kiminaia's handwritten accounting ledgers. The determination of the Redemption Purchase Price was determined based upon discussions between Grossi, Tierney and Kiminaia, and was not specifically based upon any particular documents.

Interrogatory No. 19: The Individual Defendants state that Grossi, Tierney and Kiminaia generally relied upon their written letters of intent and agreements with Sattar in connection with the resolution of the ultimate purchase price from their respective membership interests, which were contingent upon Ark's future and ongoing operations and performance, including Ark's outstanding loans with Huntington Bank that Sattar guaranteed and which otherwise financed Ark's operations, growth and development.

Interrogatory No. 20: The Individual Defendants state that Tierney and Kiminaia did not participate in communicating with and/or providing specific information and/or documents to BeaconView Advisors, and thus they do not have knowledge of any information and/or documents provided to BeaconView Advisors and they are not in possession, custody or control of any responsive documents. Although Grossi handled all interactions with BeaconView Advisors, he likewise is not in possession, custody and control of any responsive documents, which are in the possession, custody and control of the Liquidating Trustee and/or Ark's successor entities, as well as BeaconView Advisors. Grossi states that BeaconView Advisors received copies of Ark's business, financial and accounting documents, and also received access to Ark's accountants.

Interrogatory No. 21: The Individual Defendants use the following email addresses to communicate about Ark:

> Sattar – sattarham@gmail
> Grossi – jgrossi@helixmdx
> Tierney – 26briantierney@gmail, btierney@iondiagnostic, and btierney@ionmdx
> Kiminaia – nkiminaia@gmail, nkiminaia@iondiagnostic, and nkiminaia@ionmdx

8

Interrogatory No. 22:  The Individual Defendants state that Ark used the following software programs during their tenure as managers of Ark Quickbooks:

Interrogatory No. 23:  Individual Defendant Grossi states that he is not in possession, custody and control of any pertinent Ark documents, which are in the possession, custody and control of the Liquidating Trustee and/or Ark's successor entities. Grossi cannot identify any specific documents in connection with testifying that Ark owed approximately $1.5 million in Vendor Payables at the time of the Redemption Transaction. Investigation continues.

Interrogatory No. 27:  Individual Defendant Grossi states that he is not in possession, custody and control of any pertinent Ark documents, which are in the possession, custody and control of the Liquidating Trustee. For the period of January 1, 2021 through April 12, 2023, Grossi took private or commercial airplane trips that were paid for by Ark and did so for Ark business purposes. Investigation continues.

## DOCUMENTS REQUESTED

Request No. 4:  The Individual Defendants have produced all documents in their possession, custody and control regarding loans to and/or from Ark.  The Individual Defendants further state that, upon information and belief, documents regarding loans to and/or from Ark are in the possession, custody and control of the Liquidating Trustee and/or Ark's successor entities, including as set forth in emails and ESI.

Request Nos. 5 and 6:  Sattar, Grossi, Tierney and Kiminaia generally relied upon the written agreements between and among one another relative to the purchase prices for Sattar's membership interests, which were subject to Ark's subsequent operations and performance and further negotiations. The Individual Defendants relied upon these and other previously produced documents, including Kiminaia's handwritten ledgers, Ark's financial and accounting records, Huntington Bank loans guaranteed by Sattar, and other documentation regarding the purchase prices and/or values of equipment and other assets originally acquired by Sattar on behalf of Ark. The Individual Defendants have produced all documents in their possession, custody and control.



Requests Nos. 6 and 9: The Individual Defendants state that the values were based upon the purchase prices of the various pieces of equipment, but they are not in possession, custody and/or control of the underlying documents regarding the purchase prices, as, upon information and belief, those documents are in the possession, custody and/or control of the Liquidating Trustee and/or Ark's successor entities.

Request No. 7: Grossi is not in possession, custody and/or control of any Ark documents relative to materials provided to BeaconView Advisors, Comerica Bank and/or Peninsula Capital Partners, which, upon information and belief, are in the possession, custody and/or control of the Liquidating Trustee and/or Ark's successor entities, as well as BeaconView Advisors, Comerica Bank and Peninsula Capital Partners.

Request No. 9: Grossi, Tierney and Kimania generally relied upon Ark's historical performance, accounts, clients, revenues and cash flow trends, but did not rely upon any specific documents in that regard.

Respectfully Submitted,

Saretsky Hart Michaels + Gould PC

By: /s/ Brian Witus
    Gary M. Saretsky (P31708)
    Brian Witus(P72394)
    Zachery Chuey (P83966)
    Saretsky Hart Michaels + Gould PC
    Attorneys for Defendants James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid Sattar
    995 South Eton
    Birmingham, Michigan 48009
    (248) 502-3300

Dated: July 12, 2024     bwitus@saretsky.com



Zousmer, Law Group

By: /s/ Michael Zousmer_____
Michael Zousmer
Attorneys for Defendants James Grossi, Brian Tierney, Nameer Kiminaia, and Hamid Sattar
32255 Northwestern Hwy #225
Farmington Hills, MI 48334
(248) 851-4111

Dated: July 12, 2024

/s/ James Grossi_____
James Grossi

/s/ Brian Tierney_____
Brian Tierney

/s/ Norm Kiminaia_____
Norm Kiminaia

/s/ Hamid Sattar_____
Hamid Sattar



## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2024, I electronically filed the following with the Clerk of the Court via the Court's ECF system which sent notification of such filing to all counsel of record

      Respectfully Submitted,

      Saretsky Hart Michaels + Gould PC

By: /s/ Brian Witus
     Brian Witus (P53062)
     Saretsky Hart Michaels + Gould PC
     Attorneys for Defendant James A. Grossi, Brian Tierney, Nameer Kiminaia and Hamid Sattar
     995 South Eton
     Birmingham, Michigan 48009
     (248) 502-3300

Dated: July 12, 2024      bwitus@saretsky.com

