In re:

**ARK LABORATORY, LLC,**  Case No. 23-43403-MLO
Chapter 11
    Debtor.  Hon. Maria L. Oxholm
_____/
**JASON W. BANK, solely in his
capacity as Successor Trustee
of the Ark Laboratory Trust,**

    Plaintiff,  Adv. P. No. 23-04496-MLO

v.

**JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,**
Individually and as Trustee of the
**TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,**
Individually and as Trustee of the **NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC,** a
Michigan limited liability company, and **ION
MARKETING, LLC,** a Michigan limited liability
company,

    Defendants.
_____/

**AMENDED NOTICE TO TAKE DEPOSITION OF JACK DIFRANCO,
INDIVIDUALLY, AND PURSUANT TO FED. R. BANKR. P. 7036 AND
FED. R. CIV. P. 30(b)(6), AS RESPRESENTATIVE FOR JACK
DIFRANCO, LLC d/b/a BEACONVIEW CAPITAL**

PLEASE TAKE NOTICE that Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff") in the above captioned adversary proceeding ("Adversary Proceeding"), by his attorneys, Taft, Stettinius & Hollister, LLP, will take the deposition upon oral examination of Jack DiFranco ("DiFranco"), individually, and pursuant to Federal Rule of Bankruptcy Procedure 7036 and Federal Rule of Civil Procedure 30(b)(6), as representative for Jack DiFranco, LLC d/b/a BeaconView Capital ("BeaconView").

This deposition will take place in person on January 29, 2025, at Taft, Stettinius & Hollister, LLP, located at 27777 Franklin Rd, Suite 2500, Southfield, Michigan 48034, commencing at 10:00 a.m. (prevailing eastern time). The deposition will continue from day to day until completed. The deposition will take place before an officer duly authorized by law to administer oaths and record testimony. The testimony will be recorded by stenographic means and by videotape.

Under Fed. R. Bankr. P. 7036 and Fed. R. Civ. P. 30(b)(6), BeaconView is obligated to designate one or more persons most knowledgeable and prepared to testify on behalf of BeaconView concerning the subject matter described in **Exhibit A** hereto. Plaintiff requests that BeaconView identify in writing the names of the persons—if other than DiFranco—who consent to testify on BeaconView's behalf regarding the topics set forth in **Exhibit A**, and for each witness designated, specify

the particular topic(s) for which the witness will be prepared to testify on behalf of BeaconView. BeaconView is obligated pursuant to Fed. R. Civ. P. 30(b)(6) to "confer in good faith about the matters for examination" with Plaintiff "promptly after" receipt of this notice.[1]

        Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/ Kimberly Ross Clayson
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

and

David H. Wallace (Ohio Bar No. 0037210)
*Pro Hac Vice Admission Pending*
200 Public Square Suite 3500
Cleveland, OH  44114-2302
(216) 241-2838
dwallace@taftlaw.com

Dated:  January 17, 2025    *Counsel for Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust*

---

[1] Plaintiff reserves the right to seek to depose other individuals at BeaconView pursuant to Fed. R. Bankr. P. 7036 and Fed. R. Civ. P. 30(b)(6) if DiFranco is unable to testify about all the topics identified on attached **Exhibit A**.

# EXHIBIT A

## Fed. R. Bankr. P. 7036 and Fed. R. Civ. P. 30(b)(6)
## Topic List for Jack DiFranco, LLC d/b/a BeaconView Capital

1. Explanation and nature of services Jack DiFranco, LLC d/b/a Beaconview Capital and any of its affiliates, subsidiaries, parent companies, principals, professionals, employees, representatives, agents, contractors and subcontractors or other related persons or entities ("BeaconView") performs for its clients and customers.

2. Explanation of services, tasks or work ("Services") BeaconView performed for Ark Laboratory, LLC d/b/a Helix Diagnostics ("Ark") between January 1, 2019 and April 12, 2023 (the "Relevant Time Period").

3. The nature and extent of documents[2] or other information (whether electronic or otherwise) that during the Relevant Time Period BeaconView (a) obtained from

---

[2] The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals, non-identical copies and drafts of the following, whether written, printed, typed, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer

Ark, (b) reviewed, (c) utilized in performing the Services for Ark, and (d) relied upon in preparing that certain complete and final confidential information memorandum dated October 2020 (the "CIM").

4. Duration, nature and extent of BeaconView's relationship to Ark.

5. The nature and extent of BeaconView's relationship to Comerica Bank, N.A ("Comerica"), and Peninsula Capital Partners, LLC and Peninsula Fund VII, LP (collectively, "Peninsula") or any of their respective principals, employees, representatives, agents, contractors and subcontractors.

6. Identification of the full names of each of BeaconView's principals, professionals, employees, representatives, agents, contractors and subcontractors who performed any services for Ark during the Relevant Time Period.

7. Education and work experience of BeaconView's principals, professionals, employees, representatives, agents, contractors and subcontractors who, on behalf of BeaconView, performed services for Ark during the Relevant Time Period.

8. Written or verbal communications among BeaconView and Ark and Ark's principals, professionals, employees, representatives, agents, contractors and subcontractors about the services performed or to be performed for the CIM and its preparation during the Relevant Time Period.

---

programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

9. Written or verbal communications among BeaconView's principals, professionals, employees, representatives, agents, contractors and subcontractors regarding Ark during the Relevant Time Period.

10. Business valuation methodologies, if any, that BeaconView utilized for performing the services rendered to Ark during the Relevant Time Period, including any financial projections prepared or utilized by BeaconView in performing the Services for Ark.

11. Information and documents or instructions provided by Comerica and Peninsula to BeaconView in connection with preparation of the CIM during the Relevant Time Period.

12. Information and documents provided by Comerica and Peninsula to BeaconView that were relied upon by BeaconView in preparing the CIM during the Relevant Time Period.

13. Identification of the individuals at Comerica with whom BeaconView communicated with respect to preparation of the CIM during the Relevant Time Period.

14. Identification of the individuals at Peninsula with whom BeaconView communicated with respect to preparation of the CIM during the Relevant Time Period.

15. Explanation of efforts undertaken by BeaconView to secure financing and/or investors to fund a redemption transaction of the membership interests of Norman Kiminaia and Brian Tierney by Ark (the "Redemption") during the Relevant Time Period, including but not limited to identification of parties/entities to whom BeaconView approached for financing and any investor packages prepared by BeaconView and/or provided to such investors.

16. Explanation of the role, if any, that BeaconView played, if any, in negotiating the terms of the Redemption.

17. Listing of any documents or information requested by BeaconView from Ark during the Relevant Time Period that Ark was unable to provide to BeaconView and the import that such failure to provide such documents and information had on the Services provided by BeaconView.

18. Listing of any documents or information requested by BeaconView from Comerica or Peninsula during the Relevant Time Period that Comerica or Peninsula was unable to provide to BeaconView and the import that such failure to provide such documents and information had on the Services provided by BeaconView.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,                            Case No. 23-43403-MLO
                                                                       Chapter 11
       Debtor.                                           Hon. Maria L. Oxholm
_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

       Plaintiff,                                    Adv. P. No. 23-04496-MLO
   v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

       Defendants.
_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I caused to be served a copy of the

***Notice to Take Deposition of Jack DiFranco, individually, and Pursuant to Fed.***

*R. Bankr. Pro. 7036 and Fed. R. Civ. P. 30(b)(6), as Representative to Jack DiFranco, LLC d/b/a BeaconView Capital* and this *Certificate of Service* by:

1. using the Court electronic filing system which will send notification of such filing to all parties listed on the ECF list in the above-captioned case

2. email and first class mail, postage prepaid on:

   Jack DiFranco
   933 Roselawn Drive
   Rochester, MI 48307
   jdifranco@bv-us.com.

   *Resident Agent for Jack DiFranco, LLC d/b/a BeaconView Capital*

3. email and first class mail, postage prepaid on:

   Michelle Kolkmeyer
   Baudman PLC
   201 W Big Beaver Road, Suite 500
   Troy, MI 48084
   mkolkmeyer@bodmanlaw.com

   *Counsel for Jack DiFranco, LLC d/b/a BeaconView Capital*

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034

(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com

and

David H. Wallace
(Ohio Bar No. 0037210)
200 Public Square Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838
dwallace@taftlaw.com

*Counsel for Plaintiff Jason W. Bank, Solely in his Capacity as Successor Trustee of the Ark Laboratory Trust*