UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,  Case No. 23-43403-MLO
                                                        Chapter 11
    Debtor.  Hon. Maria L. Oxholm
_____/
JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

    Plaintiff,  Adv. P. No. 23-04496-MLO
    v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIE RNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS NAMEER KIMINAIA LIVING TRUST AND TIERNEY FAMILY TRUST'S *CORRECTED* EX PARTE MOTION TO EXTEND ALL SCHEDULING ORDER DATES FOR ADDITIONAL 90 DAYS DUE TO ILLNESS AND REQUEST FOR HEARING**

1

Plaintiff, Jason W. Bank, solely in his capacity as Successor Trustee of the Ark Laboratory Trust ("Plaintiff" or "Successor Trustee"), by his counsel, Taft Stettinius & Hollister LLP, files this Response (the "Response") to the *CORRECTED ExParte Motion of Defendants, Nameer Kiminaia Living Trust and Tierney Family Trust to Extend All Scheduling Order Dates for Additional 90 Days Due to Illness* [ECF No. 280] (the "Motion"), and states as follows:

1. First and foremost, Plaintiff and his counsel are sympathetic to attorney Raymond Salloum's health issues and they extend their thoughts, prayers and well wishes to Mr. Salloum for a full and speedy recovery.

2. Notwithstanding the foregoing, Mr. Salloum is one of three attorneys representing the Defendants. Further, Mr. Salloum has provided no authority under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules to justify ex parte relief and the extension of time requested without affording Plaintiff proper notice and an opportunity to be heard.

3. Plaintiff is concerned about the prejudice and undue delay that a 90-day extension of the Scheduling Order [1] would impose upon the Parties this late in the proceeding.

4. Discovery has been underway since March 12, 2024 and the court has already allowed multiple amendments to the Scheduling Order including one

---

[1] ECF No. 80, as amended at ECF Nos. 213, 217 and 274 (the "Scheduling Order").

adjournment of trial and various extensions of other discovery deadlines. It is now March 2025 and Mr. Salloum is requesting another 90-day extension.

5. Plaintiff is sensitive to Mr. Salloum's illness and his need to focus on improving his health. However, Mr. Salloum's co-counsel, Brian Witus and Michael Zousmer, have been acting as the lead attorneys in this matter. Further, Mr. Salloum has not appeared at the prior depositions (the "Depositions") of Nameer Kiminaia ("Kiminaia")[2] and Brian Tierney ("Tierney")[3] in January and consented to allow the Depositions to proceed in his absence.

6. Mr. Salloum's health will hopefully improve in the next 90 days. However, if the extension is granted, it is not clear how the Defendants plan to proceed if Mr. Salloum requires a further extension.

7. Consistent with the Michigan Rules of Professional Conduct, Mr. Salloum may be required at some point to recommend substitute counsel for his clients.

8. Notwithstanding the extremely difficult circumstances that led to the filing of the Motion, there is no basis for Defendants to obtain a 90-day extension without

---

[2] To the contrary of Mr. Salloum's representation in the Motion, he waived his appearance at Kiminaia's deposition and Kiminaia agreed that notwithstanding, his counsel's absence, he would testify both individually and on behalf of Mr. Salloum's clients, the Kiminaia Trust and the Ion defendants.

[3] Tierney appeared to testify both individually and on behalf Mr. Salloum's client the Tierney Trust, however, the Tierney Trust was not addressed during Tierney's deposition.

3

affording Plaintiff an opportunity to be heard on this request.

## **CONCLUSION**

WHEREFORE, Plaintiff requests: (1) the Court to deny the Motion, (2) schedule a hearing to address the relief requested in the Motion, and (3) grant all other relief the court deems just and appropriate.

Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/ Kimberly Ross Clayson*
Judith Greenstone Miller (P29208)
Kimberly Ross Clayson (P69804)
Anthony M. Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
jgmiller@taftlaw.com
kclayson@taftlaw.com
acimini@taftlaw.com

*Counsel for Plaintiff Jason W. Bank,*
*Solely in his Capacity as Successor*
*Trustee of the Ark Laboratory Trust*

Dated: March 10, 2025

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

ARK LABORATORY, LLC,   Case No. 23-43403-MLO
        Debtor.   Chapter 11
_____/   Hon. Maria L. Oxholm

JASON W. BANK, SOLELY IN HIS
CAPACITY AS SUCCESSOR TRUSTEE
OF THE ARK LABORATORY TRUST,

        Plaintiff,   Adv. P. No. 23-04496-MLO

v.

JAMES A. GROSSI, an Individual,
2210/305 LLC, a Michigan limited liability
Company, BRIAN TIERNEY,
Individually and as Trustee of the
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA,
Individually and as Trustee of the NAMEER
KIMINAIA LIVING TRUST DATED 5/31/2019,
TIERNEY FAMILY TRUST DATED
12/21/2018, NAMEER KIMINAIA
LIVING TRUST DATED 5/31/2019,
HAMID SATTAR, ION DIAGNOSTICS, LLC, a
Michigan limited liability company, and ION
MARKETING, LLC, a Michigan limited liability
company,

        Defendants.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, my office electronically filed the

*Plaintiff's Response to Defendants Nameer Kiminaia Living Trust and Tierney*

5

*Family Trust's CORRECTED Ex Parte Motion to Extend All Scheduling Order Dates for Additional 90 Days Due to Illness* with the Clerk of the Court which sends notices by operation of the Court's electronic filing service to all the Defendants' counsel via ECF.

        Respectfully submitted by,

        **TAFT STETTINIUS & HOLLISTER, LLP**

        By: */s/ Kimberly Ross Clayson*
        Judith Greenstone Miller (P29208)
        Kimberly Ross Clayson (P69804)
        Anthony M. Cimini (P86223)
        27777 Franklin Road, Suite 2500
        Southfield, Michigan 49034
        (248) 351-3000
        jgmiller@taftlaw.com
        kclayson@taftlaw.com
        acimini@taftlaw.com

        *Counsel for Plaintiff Jason W. Bank,*
        *Solely in his Capacity as Successor*
        *Trustee of the Ark Laboratory Trust*

Dated: March 10, 2025